

**E-FILED**
Monday, 03 April, 2006 03:11:08 PM
Clerk, U.S. District Court, ILCD
FILED

**Petition Under** Title 28 USC / 2254
Motion for Procedural Orders

APR - 3 2006

Notice of Motion (petition to compel Review)

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### UNITED STATES DISTRICT  the CENTRAL DISTRICT of

### ILLINOIS at PEORIA

Civil action, File number: 1:06-CV-01073- MMM-JAG

Jason Edward Cohee

    Petitioner

    v.

case no. 06-1073

State of Illinois

    Defendant

Et alli

    Respondents

Rule for grounds to be heard in, United States District Court Central
District of Illinois, Fed. R. Civ. P. 15(d), for supplemental proceedings,
allows opportunity to make motion to Reconsider judgment in Civil Case of
aforesaid number. Petitioner, Mr. Cohee, will attempt to readdress U.S.
Court of record as a Pro Se litigant.

    a)  Answer from Court as to Mr. Cohee's complaint as frivolous:

1) Provides Title 28 Section 1915(e) as remedy. May he have contact with "court appointed assistance of counsel." Per order ?

2) The punctuation after aforementioned  section relays confusion. Mr. Cohee uses 2005 Revised Edition of Federal Civil Judicial Procedure and Rules.  From said Law /1915(e) states, " [T]he court may request an attorney to represent any person unable to afford counsel."

3)  In regards to doubt United States District Court has to the original complaint appealed from as a right as interloculartory orders in divorce hearings. A request may be made to remove from state court as a writ of Habeas Corpus under appropriate of rule procedure.   ARICIA ?

4)  As to Mr. Cohee's use in original complaint Title 28 USC /1338.  By definition intellectual property, "[T]he sender (author retains intellectual property rights in the letter." Lionel Bently & Brad Sherman, Intellectual Property Law 1-2 (2001). As an unrepresented litigant after withdrawal of retained attorney with borrowed funds objection is in order as to

2

question the intellect of propriety in validity as to complaint
stated.

5)   For Court to reply the frivolous nature of form, but yet
substance of case matter is of kind, grave importance to all
concerned, Civil Death, of case should not be result.

6)   The action arises under the Constitution of the United States,
Article III, Section 1; the Thirteenth Amendment to the
Constitution of the United States, Section Two; the Act of
Congress Second of March, Eighteen hundred sixty-seven
enacted14 Statute 546, Title 42 USC /1994 "Peonage
Abolished; Title 18 USC /1581; Article I, Treaty of the United
States (section 2, "Due Process and Equal Protection" of the
Constitution of the State of Illinois as hereinafter more fully
appears.

Peonage Common law rules as for basis of claim
to involuntary  servitude . Thirteenth Amendment are Clyatt v.
United States 197 U.S. 207, 218 (1905), United States v.
Gaskin 320 U.S. 527, 529 (1944) realizes, "[a]n act of Congress
which penalized a conspiracy  to deprive any person of the
equal protection of the laws or of equal privileges and

3

immunities under the laws was accordingly held unconstitutional '[Title 42 USCA /1984]' insofar as its validity was made to depend upon the Thirteenth Amendment." United States v. Harris, 106 U.S. 629, 640 (1883).

7) A fact-finder void by statute in the Illinois Marriage and Dissolution of Marriage Act at 750 ILCS 5/103, "Trial by jury. There shall be no trial by jury under this Act." P.A. 80-923, /103, eff. October 1, 1977. Is this a contradiction of : **General Order 6. Civil Trial Calendars in Jury Demand Cases,** of Tenth Judicial Circuit, Rules of General Practice at, "( c) Trial of Combined Legal and Equitable Issuance. Where in a single suit there arise legal and equitable issues requiring different modes of trial, the equitable issues wherever possible shall be tried and determined in advance of the legal". {Adopted March 17, 2003.]. Mr. Cohee has been denied trial by jury on oral motion in matters of case no. 04-D-499.

This action continues to rise from the depths of an Act of Nineteenth of June, Nineteen hundred Thirty four; 48 Stat. 1064; U.SC. Title 28, /2072, as in hereinafter more fully appears.

"Under the old equity rule it been held that the absolute right to a trial of the facts by any blending with a claim properly cognizable at law, of a demand for equitable relief in aid of legal action or during its pendency. Hipp v. Babin, 19 How. 271,278 (1857). The Seventh Amendment was interpreted to mean that equitable and legal issues could not be tried in the same suit, so that such aid in separate proceedings." Scott v. Neely, 140 U.S. 1006, 109 (1891).

8) As to state fact to Mr. Cohee's physical ailments, in reference to a life saving surgery on the Twenty-eighth of September of Two thousand Five, he fell behind on child-support payments.

The surgery issue was raised in trial court on a Motion to Reconsider obligation of financial support to child, Jared M. Cohee. The opposition had brought a rule to show cause order for contempt before the Bar in Peoria County Court House, Room 201, the Honorable Stephan A. Kouri presiding.

i) The Court held Mr. Cohee the Defendant in case numbered 04-D-499 in "indirect willful civil contempt" for willful failure to pay on Fifteenth of November, year of Two thousand Five.

Said Judge, arrested Mr. Cohee, while attorney at law, Mr. Kim L. Kelley, requested removal of 10% rule as to Bond. Point to matter in fact, incarceration for the second time on the Twenty-second day of December, Two thousand Five for failure to pay Duty of court ordered; child support, Kim L. Kelley's fees for prosecutorial presence in first contempt conviction, as well daycare expenses.

A Nineteen hundred dollar bill was ordered by the presiding Judge, Stephan A. Kouri, on a second rule to show cause the 20th of December aforesaid year.

ii) Pro se litigant, Mr. Cohee, who was denied, "assistance of Counsel" by Judge, even though Jason Edward was taken by arrest from Circuit Clerk's office to court room 201 in restraints. Mr. Cohee had filed "Motion for Continuance" with an "Affidavit of Merits" immediately prior to arrest. Yes, he did make comments to employees of to imply a non-appearance due to his failure to legally acquire the Court ordered Duty required by movement of the court captioned, 'Temporary Relief hearing', result "Uniform Support" ordered.

As Webster stated in his argument for appellant in Gibbons v. Ogden: "The prevailing motive was to regulate commerce; to rescue it from the embarrassing and destructive consequences, resulting from the legislation of so many different state, and to place it under the protection of a uniform law." 80th Congress 1st Session, Senate Doc. No.39, Public Law 86-754, Appr'd September 13, 1960 at p.206, under Article I, Section 8, Clause 3 "Regulate Commerce."

9) Does Chapter 750 Illinois Compiled Statutes (ILCS) Act 22, Uniform Interstate Family Support Act give "Full Faith and Credit" to child support obligation across the boarders of the United States ?

The legislative intent, may be misconstrued, as to constitutionally mete out non-custodial parent's pecuniary bequest as Duty, as to support as percentage of income. A fine observation of benefit acquisition by garnishment of Federal Aid to Obligor. Social Security Disability garnished but yet to state Social Security Supplemental Income (SSI) is not for the taking. Mr. Cohee is in the Social Security appeals system after denial the first time to any formal question legal unfitness to

earn an above poverty level wage to be able to be able to support self.

Granted, if Mr. Cohee, wins his appeal retroactive obligations will be substantiated. Unless by Law, act would be deemed unnecessary, other than a responsible parent's duty to their offspring.

10)    Compliance of 750 ILCS 22/100, to Article I, section 9 "powers Denied to Congress", Clause 3, "Ex post Facto Laws". Perpetuates this to recognized as possible error in aforementioned states Statute section 100, "Effective date. This Act '[said Family Support Act]' takes effect upon becoming law. Sections 10 and 15 of this Act apply retroactively to July 3, 1994, the effective date of Public Act 88-550." Art. 1 /100. Is this Law of the Land ?

Ex Post Facto Laws as defined at Public Law 86-754, "[a]t the time the Constitution was adopted, many persons understood the terms ex post facto laws to "embrace all retrospective laws, or laws governing or controlling past transaction, wether *** of a civil or a criminal nature. But in the early case of Calder v. Bull, the Supreme Court decided that the phase, as used in the

8

Constitution applies only to penal and criminal statutes. But although it is unapplicable to retroactive legislation of any other kind, the constitutional prohibition may not be evaded by giving a civil form to a measure which is essentially criminal." Every law which makes criminal an act which was innocent when done, or which inflicts a greater punishment than the law annexed to the crime when committed is an ex post facto law within the prohibition of the Constitution. A prosecution under a temporary statute '[750 ILCS 5/501 Temporary Relief?]' which was extended before the date originally set for its expiration does not offend this provision even though it is instituted subsequent to the extension of the statute's duration for a violation committed prior thereto. Since this provision has no application to crimes committed outside the jurisdiction of the United States against the laws of a foreign country, it is immaterial in extradition proceedings whether the foreign law is ex post facto or not." The Constitution of the United States of America, Analysis an Interpretation, 1964 ed, U.S. Government printing office. Sen. Doc. No. 39.

9

11) As to further entitlement to be heard as to being held unmusically in contempt for non-payment of Temporary order of Relief; as known Uniform Order for Support.

Court, please be advised to possible Judge's error. By misconstrue of 750 ILCS 5/501(a)(2)(iii), "enjoining a party from striking or interfering with the personal liberty of the other party or of any child; or" reconciliation .

Re. Cohee v. Cohee, case no. 01- D- 75, filed 25th of August 2005, Judge's order states, "[3]. Neither party shall strike the child or allow others to do so. 4.) Neither shall rise alcohol or non-prescription drugs." Mr. Cohee did not attend hearing but yet was represented by retained counsel, Marcia Straub, attorney at Law. He did not witness Judge sign order so signatory is in doubt to be of notion to cite particular Bench attaché, properly. 12) Mr. Xcohee, relies upon United States Court of Appeal, Sixth Circuit rule held , "[h]eld that CRSA '[Child Support Recovery Act]', which criminalized non-payment of child support on behalf of an out-of-state, exceeded Congress's commerce clause authority and was therefore unconstitutional." In United States v. Faase 227 F.3d 660, 2000 Fed.App. 0337P,

decided and filed: Sept. 25, 2000. Refer to paragraph (10) of this text please as to Congressional intent, please: Circuit Judge BATHELDER's opinion, "[s]ome confusion with respect to the notion that the CSRA regulates the use of the channels of interstate commerce. The term ' " channel of interstate commerce " refers to, *inter alia*, ' "navigable rivers, lakes, and canals of the United States; the interstate railroad track system; the interstate highway systems; … interstate telephone and telegragh lines; air traffic routes; television and radio broadcast frequencies. *Gibbs v. Babbit, 214 F.3d 483, 490-91 (4th Cir.2000)(alteration in original) ( internal quotation marks omitted).* Congress has broad authority with respect to these channel; not only may the Legislature regulate them direct, it may act to keep them ' "free from immoral and injurious uses." *Caminette v. United States, 242 U.S. 470, 491, 37 S. Ct. 192, 61 L.Ed. 442 (1917).* But Congress does not act pursuant to this authority when it regulates an activity that merely "implicates" or "invokes" the use of the channels of interstate commerce. *Cf. United States v. Bailey, 115 F.3d 1222, 1227 (5th Cir.1997).* " Ibid 227 F.3d 660, 669.

11

A)  Said arrest, aforementioned in para. 8(ii) of this instrument,

outside of Clerk's filing quarters by definition is Criminal

Contempt.  Under physical detainment Mr. Cohee was not

afforded rights by Rule of Miranda.  After restraints were

removed the hearing commenced.

To go beyond Miranda v. Arizona, 384 U.S. 436 and apply

a Lawyer's Edition Annotation, "Effective Assistance of

Counsel" , may excuse the arresting officer by attorney at fault,

"[I]n order to establish such prejudice,  the defendant must

show that there is reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." 83 L. Ed. 2d  2111,  /4[d] at 1127.

Under duress,  Mr. Cohee, was taken to court more so on time

not.    To the extent of Counsel  not offered yet was firmly

denied.  As a defendant  whose court fees had been waived

from the onset of family matter, referred to generally as 04-D-

499,  but yet not exclusively as numbered.

B) After detained litigant was restraintless and made his best effort

to maintain a calm demeaner in court, he asked if the arrest had

anything to do with the PATRIOT ACT or the Bush Doctrine. Mr. Cohee does not recall the response of his Honor.

    i)  The Judge may have said yes.  If so, a fact the movant comes forthwith is Title 18 USCA /1, Historical and Statutory Notes infers, "Pub. L. 107-56,  /2, Oct. 26, 2001, 115 Stat. 275,  provided that:  " Any provision of this Act [the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA PATRIOT ACT) Act of 2001,  Pub. L. 107-56, Oct. 26 2001, 115 Stat. 272; see Tables for complete classification] held to be invalid or unenforceable by its terms, or as applied to any person or circumstance, shall be construed so as to give it the maximum effect permitted by law,  unless such holding shall be one of utter invalidity or unenforceability, in which event such provocation shall be deemed severable from this Act and shall not affect the remainder thereof or the application of such provocation  to other persons similarly situated or to other, dissimilar circumstances."  The law view of this would rationalize, bring to U.S. courts attention via ARICIA clause or rule, as

to cases at Bar filed on the People's behalf. A Proctor, Mr. Cohee. in the United States Central District Court.

ii)  To define Proctor's duty in accordance of Common Law decision, " Under Soldiers' and Sailors' Civil Relief Act, court should appoint an attorney to represent a party entitled to relief there under whenever question arises, so that all parties may be protected, and ordinarily the services rendered by proctor and counsel so appointed are to be regarded as a patriotic duty for which no compensation would be expected. 'aforesaid' Act of 1940 // 200(1), 200(3), 50 U.S.C.A. Appendix, // 520(1), 520(3)." In re: COOL'S ESTATE, Orphans' Court of New Jersey, Warren County. March 12, 1941, 19 N.J. Misc. 236, 18 A. 2d 714.

 iii)  Chapter 820 ILCS 315/3,3.5 demands a proctor's attention as to "Death and Burial Benefits to Armed Forces members" of State. Attorney of Illinois, Lisa Madigan, should have at hand as to the rendered as proctor, of United Civil Liberty Union (UCLU), Mr. Cohee.

He took case No. o6-1056 to Springfield, IL Attorney General's complex on March 3rd and retuned proof of service to

14

United States Central District Clerk's office promptly. As well

the same, at United States Attorney's office in Peoria, IL on said

date. To as not to rely upon Court's service of instrument, Rule as

of filing as of Court obligation to service. Mr. Cohee, a Poor

Person which application affidavit has been approved, is

inquisitive as to zero response of any party by Rule in case

numbered O6-1056.

 Does failure to respond admit Guilt ?

12) To direct the Honorable Judge back to para. 8 ,I trust,of this

text to as to flow at present juncture. The Petitioner, Mr.

Cohee, pray to the Court to acknowledge issue of Three

hundred Eighty of said dollar amount at para. 8(i) is owed to

Mr. Kelly, Ms. Brenda Sue Cohee's retained counsel.

Convicted of willful failure to pay said trial court Judge's order,

per request of professional opposition aforementioned attorney

at law to recoup wages for time. As rendered to prosecute a Pro

Se Layman, Mr. Jason Edward Cohee.

   As result a " class 4 felony conviction" per 750 ILCS

16/15(b), may disrupt right to vote by second conviction as

unemployed poor person.

15

*a.* Without funds to bail the court released Mr. Cohee seven days almost to the hour on his own recognizance. The Judge at bar failed to cite statute according to Supreme Court's opinion of "[B]asic rights of one accused of crime are that he is entitled to a speedy trial, to be present in court at every step of the proceedings, to be at all times represented by counsel, to speak in his own behalf and to be informed in open court every action taken against him until he is lawfully sentenced .... A released prisoner, however, may challenge and obtain review of his conviction when the consequences collateral to the imposition of sentence are sufficiently substantial and a judgment on the merits will have some material effect." *Pollard v. U.S. 352, 354, 77 S. Ct.481, 1 L.Ed. 2d 393.*

b. The question as to "Double Jeopardy" or to have liberty jeopardized, a valid point, as to mannerisms of the Tenth Judicial Circuit Court of Peoria County in room 201, with stance of Mr.Cohee's violation of orders.

United States Central District Court of Illinois's pleading of order and judgment rendered, on 24th of March, made zero

mention of error to Rule 11, Fed. R. Civ. P. in Mr.Cohee's

complaint. United States court as to interpretation of Rule 11

of Rules of Civil Procedure, "Signing of Pleadings, Motions

and Other Papers" of to possibly lead to writ of error by

Supreme Court on certiorari.

   c. Of Rule 11(a) the aforementioned District court is

     erroneous, by the unsigned hand down of the order and

     judgment. United States District Judge, Michael M.

     Mihm, failed to sign order E-filed Friday, 24th of March,

     2006 at 10:16:05 AM in Case no.06-1073. Or is

     preferred recognition, 1:06-CV-01073MMM-JAG-

     Cohee v. State of Illinois ?

If author may beg the Court's pardon, the Honorable Judge in

said case only initialized judgment as, "MMM", does that imply

Mr. Cohee can insert "JAG" in re: Signatory ? He under the

impression Judge Advocate General is borne in identity at Title

10 USCA /5587, "Regular Marine Corps: judge advocates,

with the approval of the Secretary of the Navy, any regular

officer on the active-duty list of the Marine Corps who is

17

qualified under section 827(b) of this title may, upon his
application be designated as judge advocate general."

To ask the Court's opinion, Did I qualify in 06-1056 in the
eyes of the Pentagon ??

d. Question of the 3rd District Appellate Court of Illinois at
Ottawa's compliance with said Rule 11 must cooperate
with Rule 7(b)(3) of Procedure to be in effect. With the
rhetoric between Ottawa Appellate Court and Mr. Cohee
by written pleadings.

Plantiff has yet to witness magistrate's name of aforesaid
Court, unless a rubber stamp as< Gist Fleshman Clerk, fits the
'Bill of Attainder'.

Mr. Cohee has confronted Mr. Fleshman at the Court House
of his employment in person when he hand delivered complaint
filed 06-1073 to Him as to enforce the issue as right to be
heard.

The Clerk, Mr. Fleshman,  was asked to produce properly
signed orders of particular Court of review. Best of Mr.
Cohee's recollect, he states, "Mr. Fleshman implied there were
no such orders to be had. The man did not even bother to look.

I wanted to corroborate what the Gist was sending me, with the appropriate court signed instruments." Upon further question, Fleshman admits, ' No such papers to show you, Sir.'

C) Rule 11 of Fed. R. Civ P.

Intellectual property once file stamped could be considered a copyright. The attempt of an answer to the complaint waiver in admonishment by U.S. District Court reference is made to as 'frivolous nature' .

Mr. Cohee , as of this draft,  unafforded  assistance of court counsel to set type of this written instrument of grave importance to whom it may concern.  More to come hereinafter.

1) To avert certain clerical error a request of this text's movement accorded by Rule 25, "Filing and Service", Fed. R. App. P.. As to put the letter of the Rule of Law to Rule 25(a)(3), "filing Motion with a Judge, a request to hand deliver this plea to the Court or the Honorable Judge of record in this action, Michael M. Mihm.  To avoid Rule 25(a)(4), "Clerk's Refusal of Documents."

2)    Mr. Cohee contends a Judge of the stature and experience of

M.M. Mihm would not disregard unconstitutional matter of

instruments filed on their face to the effect; fact of denial to be

heard in open court.

    i)    Fifth Amendment issue is raised upon point in fact,

the obligation of signature by Magistrate on orders via

public hearing, common reference  "Day in Court".

    ii)    "[t]he Court nullified dismissals for security reasons

by invoking an established rule of administration law

to the effect that an administrator must comply with

procedures outlined in applicable agency regulations

not withstanding that such regulations conform to

more rigorous substantive and procedural standards

than are required by Congress or that the agency

action is discretionary in nature.  In both of the last

cited decisions, dismissal of employees as security

risks were set aside by reason of the of the employing

agency to conform the dismissal to its established

security regulations. *See Accardi v. Shaughnessy, 347*

*U.S. 260 (1954)*. … [J]ustices Douglas and Black

condemned as irreconcilable with due process and fair

play the use of faceless informers whom the petitioner

is unable to confront and cross-examine. ' "If the

sources of information need protection, }they avered

"they should be kept secret. But once they are used to

destroy a man's reputation and to deprive him of his

<u>liberty'</u> } "<u>they must be put to the test of due process</u>

<u>of law.</u>" 88[th] Congress 1[st] Session, Senate Doc. No.

39, Public Law 86-754, Approved September 13th,

1960.

3) The answered complaint as recognized, 1:06-CV-01073-

MMM-JAG was under Title 28 USC / 1338, to further

entitlement to be heard:

    A) This is a case of admiralty and maritime

       jurisdiction, as herinafter more fully appears. As

       an admirality or maritime claim within intent of

       Fed. Civ. J. Proc. Rule 9(h), "[T]he amendment

       of a pleading to add….. an identifying statement

       is governed by the principles of Rule 15. A case

that includes an admirality or maritime claim is an admirality case within 28 USC /1229(a)(3)."

B)  Motion to Compel: movant, Mr. Jason Edward Cohee, in the above- captioned cause moves the court, pursuant to Rule 1(a)(2)(b) for an order to compel, an Honorable Judge of any Court [State or United States] a writ of Habeas Corpus from aforesaid lower courts for " the  state of  Illinois the Land of Lincoln" Please ?

Grounds for this motion are as follows; hitherto stated, more to come forthright.

c)  Petitioner, Mr. Cohee expects, respondents et alli of State of Illinois and  State of Illinois as defendant,   to respond by Law to Rule 34 of Fed. R. Civ. P. *sue sponte* of Order of Court. Or Show Cause Rule to be held in contempt, to issue as request for non-compliance.

i)  Suspects, of State of Illinois law violations, civil or otherwise, produce and permit plantiff, United States Citizen, and United States's Courts to inspect and to copy (Rule of Discovery in Procedures) each of the

22

following documents: All true records involving Re

Cohee, Jason Edward, including police reports, as

Court in review so bequeaths in diligent fashion as *vis*

*virtue officii*.

ii)    That respondents produce and permit petioles to

inspect, in all matters of Cohee's perpetuation; to copy,

test or sample each of the objects, hitherto or ask to

comeforthwith;

The movant, Mr. Cohee, would appeal to

the professional investigator's advisement as to

forward this requested writ. He is solicitor at best of

the Court at Best, Amicus curiae style.

iii)    That Defendant and or respondents permit

Petitioner's to enter databases of said Courts under review, and

photograph, test or sample, persons, hardcopies, surveillance

storage mediums, and all electronic filing systems. Rules of

Evidence 1101,1102, and or 1103 Miscellaneous Rules of said

Federal Civil Rule book.

iv)    At the time United States Court in review issues the

warrants and or subpoenas, please acknowledge case

23

number 06-1056 filed March 3rd , of 2006 UCLU, per

hand of Jason Edward Cohee, as to find rule section and

statute for "Federal Police Power Procedure".

v)    The similarities between two said federally filed cases

by petitioner in United States of America's court system

are of identical content. Given a few differences.

c)    Statement of grounds for conspiracy

1)    "When two or more persons combine for the

purpose of inflicting upon another person an injury which

is unlawful '[peonage]' in itself, or which is rendered

unlawful by the mode '[involuntary servitude]' in which

it is inflicted, and in either case the other person suffers

damage, '[mental malice with emotional anguish]', they

commit the tort of conspiracy." P.H. Winfield, A

Textbooks of the Law of tort /128 @ 434 (5th ed. 1950)

taken from "Black's Law Dictionary", 8th ed., B. A.

Garner Editor in Chief, trademark of West, a Thomson

business 2004.

2)    Mr. Cohee is restricted by a current "Order of

Protection" free communication with his Son. Jason

Edward, who was under serious physical and emotional duress and whose retained attorney did not appear.

3)      Cohee's counsel  Marcia Straub, attorney at law,  to appear in matters of Petition for "Domestic Violence Order" failed.  Also, solicitor of law Kim L. Kelly, based his argument on poor Mr. Cohee's mental health history, ward of the State of Illinois ,point in fact.

Mr. Cohee, to his recollection, does not remember testifying that day in court.

4)  He did cross-examine, Ms. Cohee.  Unprepared, without checking into Am. Jur. Proof of Facts,  he could only raise one solid argument.  Since he was incarcerated at Zellar Mental Health Institution without due process of law, he asked,  'What was your husband doing to threaten himself or do harm to others.'  Ms. Cohee's reply, 'Nothing more than drinking and driving.'  Since Mr. Cohee has never been subject to DUI arrest he asks, 'Would that mean everyone issued a DUI should go to a mental ward.'  Judge at bar,Kouri, interjects and states, 'I'm not going there, now."

Mr. Cohee ends questioning. He had a Doctors appointment with a surgeon later in the day. Now is in serious physical pain throughout aforementioned hearing. He has a serious life threating ailment, immediate attention. In an effort to see Jared, his child, he accepts supervised visitation at a center, he is distraught even further.

Unsure as to his status in life and ability to care for Jared at the time, he asks said Judge of record if this can be reheard if the medical situation changes for the better.

Mr. Cohee has life saving surgery in the waning days of September. Comes back in October and files Motion to Reconsider for restoration of parental rights on the 14th. His attorney had been allowed to withdrawl, it was left up to him to solicit the court for a change of orders.

An excerpt from written pleading put in front of the court by hand of Cohee; "[i]n the request to reopen this case no. 05-OP- 800.

Also the discussion of "due process" clause of Fourteenth

Amendment needs to be discussed in the orders handed

down

in the matter of case no. 05-OP-917 by the 10th Judicial

Court

Peoria County.  Along with orders handed down in the

Matters of divorce in the case of Cohee v. Cohee under

Supervision of the honorable Judge Stephen A. Kouri. "

5)This Motion of mention is not in the Record on Appeal for

Appellate

Court no, 3-06-0048.  Pleading in action for court ordered

protection are left out to go along side a man and his Son

left estranged.

6)       To further this civil remedy of essayist's hand

comes forthwith point in fact.  Ms. Cohee moved trial

court as Petitioner with, Title 18 USCA //2265, 2261-

2260 to allow distinct questions to be asked.

i)       "Right to Counsel",  by definition of Black's Law

Dictionary at page 1351, "[2.] Family Law. The right

of a defendant '[respondent]' in a suit for termination

of parental rights to representation by a court-

27

appointed lawyer if the defendant cannot afford to hire one. * Although some states appoint counsel for indigent defendants in a suit for termination of parental rights, the Supreme Court has held that the Constitution does not require that counsel be appointed for indigent defendants in all termination suits, but if a criminal charge may be made, the right to counsel may attach. Lassiter v. Dept. of Soc. Servs., 452 U.S. 18, 101 S.Ct. 2153 (1981)."

ii)    Along aforesaid United State Code sections *(at c) 6) of text)* denies sovereign equality of family. Black's Law Dictionary defines, at p. 1350, "[r]ight of family integrity. A fundamental right for a family unit to be free of unjustified state interference *..... The right restricts state action under the Fourteenth Amendment. Interference is not permitted in the absence of compelling state interest and is reviewed under a strict-scrutiny standard.....(See *Parental-Autonomy Doctrine; Parental-Privilege Doctrine. Cf.*

*freedom of intimate association under Freedom of*

*Association. "*

iii) Regards to the "Violence Against Women Act"

(VAWA) (18 USC / 2265). To decision which

comesforthwith , hitherto, of this instrument at "a)

12)" Circuit Judges opinion *227 F. 3d 660, 669* helps

solidify Supreme Court's Rule.

'Mr. Chief' " Justice

Rehnquist, held that: (1) Commerce Clause did not

provide Congress with the authority to enact civil

remedy provision VAWA, in as much as provision

was not regulation of activity that substantially

affected interstate commerce, and (2) enforcement

clause of Fourteenth Amendment did not provide

Congress with authority to enact provision."

"Affirmed"

Supreme Court of the United States, United

States, petitioner, v. Antonio J. Morrison *et al., 529*

*U.S. 598, 120 S. Ct. 1740,* decided Fifteenth of May

year of Two Thousand and None. Aforementioned

29

Court is guilty of missing the legislative intent to the States' judiciary. Court was in error to not remand back to a States Attorney for prosecution of Rape.

iii)    Congress not to be withstood allows, 'criminal provision to be codified at 18 USC / 2261 *Ibid, FN5*.

Upon further review by fact-finder, Independent Counsel, Jason Edward Cohee, would prefer to note criminal provisions of Title 18 USCA /2261(b)(1)-(6) are criminal sanctions. Section 2261 (b)(6)'s civil remedy is "Whoever commits the crime of stalking in violation of temporary or permanent civil or criminal injunction restraining order, no-contact order or other order described in section 2266 of Title 18, USC, shall be punished by imprisonment for not less than 1 year." Request to sever, from section. A sound request, if what comes before is put in mindset at present juncture.

iv)    Rational deems a probation type collar, even though not even accused of a crime in aforesaid Act's interpretation often in civil trial court. To even

remove the whole of VAWA from the Code. If not for Gender-bias by name, the Court missed the crime but yet declared it UNCONSTITIONAL !

v) What is "DOMESTIC VIOLIOLENCE" ? The Author's opinion fairly stated but yet to let the Court of Review be The Judge.

The point in fact of being prohibited from his Son, author should be considered on suspended sentence to comply comply with trial courts Orders under VAWA on State of Illinois forms. Where gender reference is questionable at judicial administrative civil rule on instruments of court. Violation of gender based form on its face would lead to punishment "by imprisonment".

vi) The argument affirmed by Supreme Court of the United States's opinion,delivered by hand of Mrs. Justice Ginsburg, "Held: A suspended sentence that may \end up in the actual deprivation of a person's liberty\ may not be imposed unless the defendant was accorded \the guiding hand of counsel\ in the

prosecution of crime charged. Argersinger v.

Hamlin, 407 U.S. at 40, 92 S.Ct. 2006." *Alabama v.*
*Shelton, 535 U.S. 654, 122 S. Ct. 1764, 1765, (152 L.*
*Ed. 2d 888)*

vii)    The offense of using aforementioned quote, fact-
finder would like to acknowledge error at, Ibid 1765;
"*Syllabus* (FN\*) FN\* The *syllabus* constitutes no
part of the opinion of the Court but has been prepared
by the Reporter of Decisions the convenience of the
readers." What effect does this convenience have
upon the "Common Law Rule" usage ?

viii)   A courtesy, to the Honorable Court of review, in
matters of slight of hand by Recorders of the Highest
Court Level in Equity Law. Reference in this text as
to cite hitherto made at, b)2)ii).

d)  The Supreme Court has stated in rule of affirmation upheld two
other Federal court's decisions as to said gender biased Act
aforementioned. Yet, VAWA is still operational law.

32

1) Title 28 USC / 1445, at (d) should be severed upon sound
review and interpretation of Morrison (146 L. Ed. 2d 658).
Federal Civil Judicial Procedure and Rules, 2005, Revised
Edition, Statutory notes on section 1445 (d); "means
section 40302 of Pub. L. 103-322, the Violent Crime
Control and Law Enforcement Act of 1994 (Title IV of
such Act is the Violence Against Womens Act of 1994),
which is classified to section 13981 of Title 42, The Public
Health and Welfare."

Upon review of this aforesaid point of fact the
Reviewing Court would notify, Advisory Committee on
Appellate Rules, as constituted may 6, 2005, Honorable
Samuel A. Alito, Jr. Chair. Of said board aware of,
"Commerce Clause did not provide Congress with
authority to enact civil remedy provision of Violence
Against Women Act (VAWA), inasmuch as provision was
not regulation of activity that substantially affected
interstate commerce; gender-motivated crimes of violence
were not economic activity, provisions contained no
jurisdictional element establishing that federal cause of

33

action was in pursuance of Congress' power to regulate
interstate commerce, and, although Congress made
findings in regards impact of gender-motivated violence on
violence on victims and their families, such findings were
based on unworkable "but-for" reasoning. USCA Const.
Art. 1, /8, cl. 3; Violent Crime Control and Law
Enforcement Act of 1994, /40302, 42 USCA /13981.
[30][31][32][33][34] [A]s our cases have established state-
sponsored gender discrimination violates equal protection
unless it " 'serves' important governmental objectives
and ….the discriminatory means employed" are "
'substantially related to the achievement of those
objectives." U.S. v. Morrison, 529 U.S. 620, 120 S. Ct.
1755.

2) As to further claim of "conspiracy to interfere with civil
rights" Title 42 USCA /1985. Author will go beyond the
Bar and private attorneys at Law. Also attach section 1984
"peonage" of Title 42 "Public Health and Welfare" Also
Title 5 USCA // 1501-1508 [short title Hatch Act],
Section 1502 (a) states: Astate or local officer may no – 1.

use his official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for office;" This Act has ramifications as high as the President, " With regard as to the history of the Hatch Act, in 1939, Congress enacted a statute (53 Stat 1147, Ch 410) which declared unlawful certain specified political activities, including those committed by federal employees, and which imposed criminal sanctions for certain violation......to "[use his official authority or influence for the purpose of interfering with an election or affecting the result therof,]"or to "[take any active part in political management or in political campaigns,]" a violator being subject to removal from his position." *8 A.L.R. Fed. 343.*

i)      Mr. Cohee has taken several  Court Clerk stamped or other quasi-judicial instruments to States Attorney, Kevin Lyon's office.  As per court rules from Illinois Compiled Statutes.  Zero response from said Lawyer.

ii)    Possibly Mr. Lyon's politically campaigning for
those up for election in Appellate Judgeships, as
was heard on the radio, is to busy to help those in
need of a Prosecutor. The prosecutor has immunity
in court room action, as *pro bono publico,* for the
most part, yet to say we need to analyze the Canons
of Ethics.

iii)    No assistance of counsel, has left Mr. Cohee
scrambling for help. Since he is unemployed with
plans to enroll in higher education, for a degree in
the up and come semester of Fall. Available time
to pursue appeal to prosecute, but yet how as a
Defendant prosecute a judge in trail court ?

iv)    In an effort of, Motion to Disqualify Judge, Stephan
A. Kouri comes of mention. The refusal of a judge
is to be handled by another one at the Bar. A pro se
litigant cannot be advised to orchestrate said motion
on his own be-half without the forethought of
contempt charges possible.

v)    Mr. Cohee did not appear with his motion to disqualify on Twenty first of March, Two thousand and six, aforestated trial Judge order implicates by written plea form of an order; Now therefore, be it the order of the Court that all pending matters raised by Defendant are hereby denied due to failure to appear and prosecute." Mr. Cohee's Motion acknowledged by court. Ordered further on Mr. Cohee of said day, "Care is set for Contempt........ Entered.3/21/06. "

3) Common law rationale for reliance of States Attorney to defend Mr. Cohee's rights; " [t]he Supreme Court reversed a state court judgment holding an attorney in contempt of court for reading a motion charging a judge with bias, it was noted that due process and the Sixth Amendment guaranteed a defendant charged with contempt an opportunity to be heard in his defense and to be represented by counsel, and that the right to be heard necessarily embodied a right to file motions and pleadings essential to present claims and raise relevant issues. The

motion charging the judge with bias was made in connection with proceedings in which one attorney was defending another, where the latter had been charged with contempt of court for failing to answer certain questions the judge asked him. " Right to Counsel, 18 L.Ed. 2d 1420, 1425 /4[c].

4) Constitutional Law, "The constitutional guaranty of equal protection of the laws applies with respect to criminal procedure. While there is a large measure of discretion in prescribing the modes of criminal procedure, equal protection of the laws includes the right to be tried in the same manner as others accused of crime are tried. The test of whether equal protection is violated by the classifications distinctions are invidious and without any rational basis." 11 A Ill. Law and Prac. Constitutional Law and Prac. Constitutional Law /435, Chapter 11, Equal Protection of Laws ?

5) Mr. Cohee did not appear on 21st day of March Two thousand six, due to weather conditions if for no apparent

reasoning as to stand by motion to disqualify for bias in court.

6) To state courts opinion on said motion as ordered, "Care is set for Contempt hearing on 4/406 at 9:00 AM, Plantiff to mail copy of this order certified and regular mail. Failure of Defendant to appear will result in writ of body attachment. Entered 3/21/06."

e) Request for judgment:

As Title 28 USC /1343, "Civil rights and elective franchise"

The approach taken as *Amicus Curiae* to ease the burden of review for judgment much care has been put into explanation of matters as to Brief the U.S. Court System as to, Plight in Law at several levels of administration.

1) To beg the Pardon of an inferior court by writ of *Coram Vorbis* by Petion of Review to the Highest Court in the Land with jurisdiction. Also, please excuse any errors and omissions hitherto, or as forthwith may appear.

2) *Ad officium justciariorum specat unicuique coram eis placitanti justitiam ehibere.* As to

39

recognize *cujus est commodum ejus debet esse incommodum,* Mr. Cohee.

i)    As to order by Stephan S Kouri the *cum confitente sponte mitius est agendum* as done by his hand on the Twenty-first day of March, Twenty hundred-six. After Death.

ii)    *Facinus quos inquinat aequat* as to *factum infectum fieri nequit. Leges figendi et refigendir consuetude est periculosissina. Leges humanae nacuntur, vivunt, et moiunter. Si aliquid ex solenibus deficiat, cum aequitas poscit subveniendum est.* Trustfully *stare decisis et non queita movere sicut natura nil facit per saltum, ita nee lex.*

iii)    There is no immunity, *stare enim religioni debet. Magna culpa lobis est. Loquendum ut vulgas, sentiendum ut docti. Non est recedendum, a communi observanttia.* As *non debet alteri per alterum iniqua condition inferri. Salus populi suprema lex esto. Semel*

40

*civis simper civis !! Mr. Cohee qui sibi*

*vigilavit pro bono publico.*

f)  In Gods hand's I put this instrument, and pray to Him that

the issues are recognized.  As a prayer for Mr. Cohee to be

relieved from court room 201 as a writ of Habeas Corpus to

proceed in United States courts on appeal without threat of

arrest.  The state remedies, if not exhausted, are exhausting.


Jason Edward Cohee

9805 Tivoli Road

Glasford, IL 61533

Ph. (309)389-4511

Independent Council

Social Security Card #

357-70-212   Born on

Date, 21st of June,

Nineteen hundred-

Seventy

RECEIVED

APR 0 3 2006

U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

## CERTIFICATION

I, the undersigned, certify under penalty of perjury as provided by law pursuant to Section 1–109 of the Code of Civil Procedure, that I have read the foregoing Financial Affidavit, that I know the contents thereof, and that the statements contained therein are true to the best of my knowledge, information and belief.

Dated this *2* day of *April*, 20 *06*

_____
Plaintiff/Defendant

Name of Attorney *Jason E. Coffee (Pro Se)*
Name of Law Firm _____
Address *9805 Trivoli Rd*
_____*Glasford IL 41533*_____
Telephone: *(309) 389-4511*
Facsimile: _____
E-mail: _____

2/3/06
ROBERT M SPEA
006 APR -3 P 2
FILED
CLERK OF THE
CIRCUIT COURT
PEORIA COUNTY

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by sending a copy to the attorneys of record and other parties of interest at their addresses as disclosed on the pleadings by hand delivery or U.S. mail, first class postage prepaid, in Peoria, Illinois, before 5:00 p.m., on the *3* day of *April*, 20 *06*

Signature: _____

[Adopted March 17, 2003.]

*If court of United States would please follow RULE 4 of civil procedure I have served 10th judicial circuit sending on cert. to Supreme Court*

*Rule 30 of App. P. 24(a)(4)?*

**E-FILED**
Friday, 24 March, 2006  10:16:05 AM
Clerk, U.S. District Court, ILCD

**RECEIVED**

APR **0 3** 2006

U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JASON E. COHEE                          )
                                        )
                    Plaintiff,          )
                                        )
         v.                             )        Case No. 06-1073
                                        )
STATE OF ILLINOIS,                      )
                                        )
                    Defendant.          )

## O R D E R

This matter is before the Court on a Motion to Proceed In Forma Pauperis filed by

Plaintiff, Jason E. Cohee ("Cohee"). For the following reasons, the Motion [#1] is DENIED

and the case is DISMISSED.

After conducting a preliminary review of Cohee's motion, the Court found that Cohee

did not submit a proper complaint with his motion to proceed in forma pauperis.

Accordingly, the Court granted Cohee fourteen days to supplement his motion with a proper

complaint. Cohee filed a proposed complaint on March 20, 2006 and this Order follows.

In the instant case, Cohee's Complaint fails to state a claim upon which relief can

be granted. Title 28 Section 1915(e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that
> . . . the action . . . is frivolous or . . . fails to state a claim on which relief can
> be granted.

28 U.S.C. § 1915(e)(2)(B). Cohee's Complaint indicates that the jurisdictional basis for his

claim is 28 U.S.C. § 1338; however, nowhere in the Complaint does Cohee make any

mention of any form of intellectual property. Moreover, Cohee's Complaint does not include

*any* facts which would put the Defendant on notice as the basis for Cohee's allegations.

Although the federal rules only require Cohee to present a "short and plain statement of the

claim showing that the pleader is entitled to relief", see Fed. R. Civ. P. 8(a), Cohee has not

even attempted to do that. Cohee's only attempt to state his claim is as follows:

> May I please have some relief from these said two court houses [sic]. Please,
> God will you help this Court find the wisdom to bring this matter before it. A
> prayer for relief in so much that I bring this as a petition for leave from said
> State of Illinois Courts is granted.

(Cohee's Proposed Cmpt, Mar. 20, 2006, at 5.)  Additionally, while the Complaint is

substantially incoherent, it appears that, factually speaking, the case arises out of some

sort of divorce or domestic relations litigation in state court.  Maybe not.  However, because

Cohee's Complaint here in federal court clearly fails to state a basis of federal jurisdiction,

his Motion for Leave to Proceed In Forma Pauperis [#1] is DENIED and his case is

DISMISSED.

ENTERED this 22nd day of March, 2006.


                                   s/Michael M. Mihm
                                   Michael M. Mihm
                                   United States District Judge

- 2 -

AO 450 (Rev. 5/85) Judgment in a Civil Case

**E-FILED**
Friday, 24 March, 2006  02:10:18 PM
Clerk, U.S. District Court, ILCD

RECEIVED

APR 0 3 2006

U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

# FILED

**MAR 2 4 2006**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

Jason E. Cohee

        vs.                                        Case Number:    **06-1073**

**State of Illinois**

  **DECISION BY THE COURT**. This action came before the Court. The issues have been heard and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that case is dismissed for failure to state a basis of federal jurisdiction.

                ENTER this 24th day of March, 2006.

                **JOHN M. WATERS, CLERK**

                        **s/ T. Kelch**
                **BY: DEPUTY CLERK**

# IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
## PEORIA COUNTY

RECEIVED

APR 03 2006

U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

FILED
ROBERT M. SPEARS

MAR 21 2006

CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

BRENDA COFFEE

Plaintiff

vs.

JASON COFFEE

Defendant

CASE NO. 04-D-499

## ORDER

This matter coming to be heard on 3/21/06 pursuant to hearing set by Defendant & due notice having been given. It is unclear from the notice as to what Defendant was seeking. In any event, Defendant has failed to appear. Plaintiff appears pro se.

Now, therefore, be it the order of the Court that all pending matters raised by Defendant are hereby denied due to Defendant's failure appear and prosecute.

Care is set for Contempt hearing on 4/4/06 at 9:00 AM. Plaintiff to mail copy of this order certified and regular mail. Failure of Defendant to appear will result in writ of ~~attached~~ body attachment.

Entered: 3/21/06

_____
JUDGE OF THE TENTH JUDICIAL CIRCUIT

CLERK'S COPY—WHITE
PLAINTIFF'S COPY—YELLOW
DEFENDANT'S COPY—PINK
ADDITIONAL COPY—GOLDEN

ORDER

Jason Cohee has paid no child support since the last hearing in this case and has made no effort to make payments toward back support due for his son, Jarrod.

RECEIVED
APR 0 3 2006
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

As previously ordered, Jason Cohee has failed to report to the Court a list of all employment applications he has made during the last three months, and appears to not be making an effort to find employment. (Spends a lot of time researching ways to get out of it i.e. his appeal request)

As previously ordered, Jason Cohee has failed to report to the Court a list of any and all employment he has obtained and/or worked the past three months.

As previously ordered, Jason Cohee has failed to report to the Court a list of all income— employment, gift, or otherwise--to the court, including but not limited to any and all Christmas gifts received.

Jason Cohee has failed to return the vehicle title and all personal items awarded to Brenda Cohee as ordered by the Court.

Brenda Cohee requests the following:

Jason Cohee be ordered to bring with him and turn over the vehicle title and all personal items previously awarded to Brenda to the visitation supervisor, a neutral party, at the **NEXT** supervised visitation: Saturday, March 25. In the event he does not carry out this order or appear for the visitation, a warrant be issue for his arrest.

Jason Cohee be ordered to sell his 1995 Chevrolet truck within an appropriate period of time ordered by the court with the total amount received applied towards his child support arrearage and current child support through the Peoria County Circuit Clerk. Jason Cohee lists possession and the value of this vehicle at $4,500 in his Affidavit of Assets filed with the Circuit Clerk of Peoria County on February 1, 2006.

The amount of $350 which Jason Cohee receives from his parents on a monthly basis be put towards his child support and child support arrearage through the Peoria County Circuit Clerk. Jason lists this as present earnings and sources of income on a monthly basis in his Affidavit of Assets filed with the Circuit Clerk of Peoria County on February 1, 2006.

Jason Cohee be ordered to pay Brenda Cohee, through the Peoria County Circuit Clerk's Office, the amount of $64.00 for loss of income due to the need to pursue this matter.

Brenda Cohee requests any and all other relief as the Court may deem fit including but not limited to the incarceration of Jason Cohee for his continued negligence to support his child and negligence to fulfill the Court's Order dated December 22, 2005.

**FILED**
ROBERT M. SPEARS

**RECEIVED**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
PEORIA COUNTY

FEB 28 2006

CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

BRENDA COHEE

APR 03 2006
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

Plaintiff

Case No. 04 D-499

JASON COHEE (vs)

Defendant.

| JUDGE S. KOURI | | COURT REPORTER | | PLTF ATTY: pro se | CHECK IF PRESENT | ✓ |
|---|---|---|---|---|---|---|
| DATE: 2/8/06 | COURTROOM 201 | CLERK | | ATTY: DEFT | | |

## CONTINUANCE ORDER

This matter is continued on
☐ Plaintiff's
☐ Defendant's motion to
☑ Court's

3/21/06

20 ____ at 9:20 (a.m./p.m.), in Courtroom 201 ____ and set for

☐ Trial
☐ Plea
☑ Motion

\* Plaintiff to mail ~~certified~~ never
copy of this order by certified and
regular mail to Defendant.

DATED: 2/28/06

_____
JUDGE OF THE TENTH JUDICIAL CIRCUIT

White - Clerk's Copy
Yellow - Plaintiff's Copy
Pink - Defendant's Copy
Goldenrod - Additional Copy

FORM 212

RECEIVED
APR 03 2006
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

FILED
CLERK OF THE
CIRCUIT COURT
PEORIA COUNTY

ROBERT M SPEAR

Cohee
v.                RE: Marriage of
Cohee              Brenda S. and Jason E. P 2
    defendant

Case no. 04-D-499
general no. 3-06-0048
general no. 3-06-0143
1:06-CV-01073 -MMM-JAG
Cohee v. State of Illinois
E+ 9 lli

**Answer to petition and order**

Jason Edward Cohee, one of the defendants named in the
petition filed in action by Court, Ms. Brenda Sue Cohee,
and Mr. Kim L. Kelly, attorney at law, plaintiffs, for an
order requiring this defendant to appear and or show cause
why he should not be adjudged in contempt of court for failure
to comply with a certain order of this court entered on dates
when Mr. Cohee was not afforded his right to appointment of
court counsel, against all the poor Defendants with court fees
waived, as their finacial affidavit answer on oath states:

    1)  This defensive litigant relies on all matters of
    record in this case and the orders of this Court of origin.
    of Divorce, Domestic Violence, and Family Relations,
    Room 201.

    @2) The order plantiffs seek to enforce is not sufficiently
    clear and definite to entitle them to enforcement of the
    order by contempt proceedings agai nst respondant.  As to
    to error of service; "**Rule 5.1  SERVICE OF RULES AND ORDERS
TO SHOW CAUSE**,  (a) SERVICE UPON PARTIES.  Service of a rule
or order to show cause upon a party shall be made in the manner
and upon the persons described in Supreme Court Rule 105(B).

    (b) Service Upon persons Not Parties.  Serv ice of a
rule or order upon a person not a party to the action
shall be made in  like manner as service of summons by
any persons over 18 years of age not a party to the action.

1,

No attachment against a person not a party to the action
shall issue without prior service of the rule or order."
[Adopted March 17, 2003.] Tenth Judicial Circuit Rules
Of General Practice.

 3) Enforcement of this order by contempt proceedings
 against this defendant for failure to pay the sum of
 money ordered to be paid by and all the like defendants,
 would amount to unlawful imprisonment for debt explained
 herinater this text  ¶ : Constitution of the State of
 Illinois, Art. 1, §14. **Imprisonment for Debt**; "No person shall
be imprisoned for debt unless he refuses to deliver up his estate
for the benefit of his        creditors
as provided by law or unless there is a strong presumption
of fraud.  No person shall be imprisoned for failure to
pay a fine in a criminal case unless he has been afforded
adequate time to make payment, in installments if necessary,
and has willfully failed to make payment.

 4) Commitment of this defendant on these contempt
 proceedings to enforce the order, a money judgement,
 would be in violation of Section 14 of Article I of
 the Illinois Constitution of 1970, prohibiting imprisonment
 for debt. This form is mete out in "Illinois Civil
 Practice,  §99.14, Contempt Proceedings"
 5)  It does not appear from the record in this action
 or the order of 'willful failure to pay',or the order
 of imprisonment, that defendant was or is guilty of

any violation of an express trust, of any misrepresentations,
fraud, or of *non*compliance to appear as ordered, for return of
bond deposit, on 16th of November, 2005 at 9:00 AM in
Court Room 201 Peoria County Courthouse, Peoria, Illinois.
Five hundred dollar surety was not returned, in People vs.
Cohee, Jason Edward, case no. 04dD000499, Incident
no. 0500011600..This defendant is charged with liability
arising only from an implied or constructive trust
created by the court orders of this court and implication
of law.

6) Subsequent to the entry of the final order, to imprison
as an interlocutory decision to Mr. Cohee's prima facie
contumacy was held to contumelious said Defendant. This
Pro Se litigant,    to yet take other defendants, to
the 3rd District Appelate Court at Ottawa, Illinois,
and to prosecute a constitutionally valid challenge,
removed to UNITED STATES District Court Central District
of Illinois. The review of orders and proceedings in
lower courts, as well as, to challenge legislative Statutes
at Large, one Act at a time.

7' This defendant has no money in his possesion.
He has no securities, owns no personal property,
and is not an owner of any real estate. He is unable
to turn over the sum of money specified in the order
of this court entered on different dates, to the court,
Peoria County jail, or any others he is indebted to.

3.

Wherefore, this defendant prays for a determination
that he is not incontempt of this court.

Respectfully submitted,

4/3/06

Jason E. Cohee#
9805 Trivoli Rd.
Glasford,IL 61533
Ph. (309)-389-4511
S.S. #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

4.