### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON E. COHEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-1073 |
| | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is a Motion to Reconsider by Jason Cohee ("Cohee"). For the reasons that follow, Cohee's Motion to Reconsider [#5] is DENIED. To the extent that this motion is a motion pursuant to 28 U.S.C. § 2254, the motion is DISMISSED without prejudice.

### BACKGROUND

Jason Cohee filed a Petition for Leave to Proceed In Forma Pauperis in this Court on March 15, 2006. In reviewing the Petition, the Court noted that a proper Complaint was not attached to Cohee's Petition. The Court granted Cohee fourteen days in which to file a Complaint and Cohee submitted the Complaint within the required timeframe.

After receiving Cohee's Complaint, the Court found that the Complaint failed to state a claim upon which relief could be granted because the Complaint did not contain any facts which would put the Defendant on notice regarding the nature of Cohee's claims and did not contain a proper basis for federal court jurisdiction. The Court noted that even though the Complaint was substantially incoherent, it appeared that Cohee's

claims arose out of some sort of divorce or domestic relations litigation in state court. Cohee has now filed the instant Motion to Reconsider asking this Court to reconsider its Order denying him leave to proceed in forma pauperis.

## STANDARD OF REVIEW

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

## DISCUSSION

Similar to his original Complaint, Cohee's current fifty-two page Motion to Reconsider is virtually indecipherable. Cohee appears to claim that he fell behind in his child support payments because he underwent major surgery. As a result of his failure to pay, he has been held in contempt of court and is currently incarcerated. Cohee does not state any reasons why this Court should reconsider its previous order finding that his Complaint failed to state a claim upon which relief can be granted. Plaintiffs present motion could possibly be construed as an attempt to assert federal jurisdiction based on a alleged constitutional violations because Cohee refers to multiple constitutional provisions, including the ban on involuntary servitude, failure to appoint counsel, the ex post facto clause, the ban on double jeopardy, the Fifth Amendment, the Fourteenth Amendment, and the Commerce Clause; however, simply asserting federal jurisdiction is not appropriate in a motion to reconsider. If Cohee has a good faith basis for bringing a lawsuit against the Defendants, he should file a proper complaint in

accordance with the Rules of Civil Procedure. To date, Cohee has failed to do so and therefore the Court denied his Petition for Leave to Proceed In Forma Pauperis. As Cohee has not demonstrated that the Court made a manifest error in denying his Petition to Proceed In Forma Pauperis, his Motion to Reconsider is denied.

It should be noted that Cohee may have meant for the instant motion to be construed as a motion for habeas corpus relief pursuant to 28 U.S.C. § 2254. Although the first paragraph of the motion indicates that the motion is a motion to reconsider, Cohee telephoned the Deputy Clerk of Court for this division and informed her that he is currently incarcerated and that he would like the Judge to construe the instant motion as a habeas corpus petition so that he will be released from prison. A review of the motion indicates that Cohee may, in fact, have intended for the motion to be a habeas petition because he refers to habeas relief more than once in the motion, the top of the motion indicates that the motion is a petition under Title 28 U.S.C. § 2254, and the decipherable portions of the motion appear to be arguments that are typically made in a habeas petition. Therefore, to ensure that Cohee's motion is properly addressed, the Court will also review the merits of Cohee's motion as if it were a motion for habeas corpus relief.

Title 28 U.S.C. § 2254 governs habeas relief for state prisoners. Specifically, Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State" 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time

the federal petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In this case, it does not appear from the instant motion or any of Cohee's other filings that he has fully exhausted his remedies in state court. To the extent that Cohee believes that his constitutional rights are being violated, he must bring these claims to the attention to the state trial court. If he is unhappy with the resolution in that court, he should bring his claims to the Illinois Appellate Courts. To date, Cohee has failed to do so and therefore, to the extent that the present motion is a § 2254, the motion is dismissed without prejudice to re-filing when his state court remedies have been exhausted.

## CONCLUSION

For the reasons set forth above, Cohee's Motion to Reconsider [#5] is DENIED. To the extent that the motion is actually a motion pursuant to 28 U.S.C. § 2254, the motion is DISMISSED without prejudice to re-filing when all of the available state court remedies have been exhausted.

ENTERED this 6th day of April, 2006.

                                                          s/Michael M. Mihm
                                                          Michael M. Mihm
                                                     United States District Judge