**E-FILED**
Tuesday, 25 April, 2006  04:11:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON E. COHEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1073 |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is a Petition for Review by Jason Cohee ("Cohee").  For the reasons that follow, Cohee's Petition for Review, which the Court construes as a habeas corpus petition [#7] is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Jason Cohee filed a Petition for Leave to Proceed In Forma Pauperis in this Court on March 15, 2006.  In reviewing the Petition, the Court noted that a proper Complaint was not attached to Cohee's Petition.  The Court granted Cohee fourteen days in which to file a Complaint and Cohee submitted the Complaint within the required timeframe.

After receiving Cohee's Complaint, the Court found that the Complaint failed to state a claim upon which relief could be granted because the Complaint did not contain any facts which would put the Defendant on notice regarding the nature of Cohee's claims and did not contain a proper basis for federal court jurisdiction.  The Court noted that even though the Complaint was substantially incoherent, it appeared that Cohee's claims arose out of some sort of divorce or domestic relations litigation in state court.

Cohee then filed a motion which could have been considered either as a Motion for Reconsideration of the denial of the Motion to Proceed In Forma Pauperis or a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In light of the fact that Cohee is proceeding pro se, the Court went ahead and addressed the motion as both a Motion for Reconsideration and a Habeas Corpus petition.  The Court denied the Motion for Reconsideration and found that Cohee was not entitled to relief under 28 U.S.C. § 2254 because he had not yet exhausted his state court remedies.  Cohee has now filed the instant Petition for Review, which states "[t]his is an additional pleading for a writ of habeas corpus from Peoria County Jail."   (Petition for Review, at 1.) Accordingly, the Court construes the instant motion as a 28 U.S.C. § 2254 petition for a writ of habeas corpus.

Although it is not entirely clear from Cohee's petition, it appears that Cohee is currently incarcerated in the Peoria County Jail for civil contempt arising out of his failure to pay child support.  The Court previously addressed Cohee's § 2254 argument in its order dated April 6, 2006.

> Title 28 U.S.C. § 2254 governs habeas relief for state prisoners. Specifically, Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State" 28 U.S.C. § 2254(b).  Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).
>
> In this case, it does not appear from the instant motion or any of Cohee's other filings that he has fully exhausted his remedies in state court.  To the

extent that Cohee believes that his constitutional rights are being violated, he must bring these claims to the attention of the state trial court. If he is unhappy with the resolution in that court, he should bring his claims to the Illinois Appellate Courts. To date, Cohee has failed to do so and therefore, to the extent that the present motion is a § 2254, the motion is dismissed without prejudice to re-filing when his state court remedies have been exhausted.

A review of Cohee's instant petition indicates that Cohee still has not exhausted his state court remedies. As 28 U.S.C. § 2254 requires a Petitioner to exhaust all of his state court remedies prior to seeking relief from the federal courts, Cohee's habeas petition is dismissed without prejudice to re-filing when all of his state court remedies have been exhausted.

## CONCLUSION

For the reasons set forth above, Cohee's Petition for Review [#7], which the Court construes as a 28 U.S.C. § 2254 petition is DISMISSED without prejudice to re-filing when all of the available state court remedies have been exhausted.

ENTERED this 25th day of April, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge