**FILED** of 18
act 19
E-FILED
Thursday, 03 August, 2006 01:18:59 PM
AUG 0 3 2006
Clerk, U.S. District Court, ILCD

NO. 102851

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# SUPREME COURT OF ILLINOIS, IN SPRINGFIELD

## United States District Court

In re: "Marriage of COHEE"

Brenda S. Cohee (A.K.A. Smith)
Respondent
Appellee
v.    Plantff

Fed. Case No. 06-CV-1073

general Appellate Nos.
3-06-0048
3-06-0319

Jason E. Cohee
Petitioner
Appellant
Defendant

Circuit Court of Peoria
County Nos. 04-D-499
05-OP-917

Request Fed. R. Civ. P. Rule 26(c) (C.I.A. priveledge).
among others

# MOTION TO RECONSIDER RULE

Whereas, Petitioner as a Pauper, pro se (see, Argersinger v. Hamlin at 40-41 a United State Supreme Court decision in Statement (ii) of Mr. Cohee's Brief attatched to "Certaeorai") Comesforthwith a re-petition of a Motion originalley sat before Mr. Justice Kilbride by Defendant, Jason E. Cohee. The Motion was an attempt to "Stay of the Proceedings" in matters of 04-D-499.

Justice Karmeier answered Mr. Cohee's attempt to stay 04-D-499 timely and fashionably.

Mr. Cohee questions the
involvement of the alternative
Justice, who may sit outside the
Third District.

Boyond that question, Mr. Cohee
believes that the Motion could
have been denied upon different
grounds by any Justice of the
Court.

We brought back to the
Court a more qualified approach
Under Color of S. Ct. R.'s while
Mr. Cohee was incarcerated. We
followed the Rule and gaurded
him in the best of our
ability.

Mr. Cohee trusts instruements mailed to the Court were received and entered. Under the circumstances copies were not afforded to Mr. Justice kilbride. His address was unavailable.

As we sit presently at; Illinois Institute for Addiction Recovery at Proctor Hospital,

5409 N. Knoxville Ave.
Peoria, Illinois 61614
ph. no.    1-800-522-3784

(see, OSF V. COHEE, "Proctor" Health Care Insuranee, No. 05-1123 as to further Mr. Cohee Case Load, but yet to state;

take a sound look at Mihm.J;'s,
Order please. I am still in
debt to the "Childrens Hospital
of Illinois" (OSF). If the Court
has time of course. I am
troubled by attorney interpretation.)

   Mr. Cohee was sent to
"Proctor" on Judge Kouri's "Plan"
for a psychological exam. I
am disallowed my personal
effects by "Attendant Care"
facility, "Proctor"

   "Plan" for recovery dictates
the non-aquisition of legal
papers.

   I have explained the

possible " Civil Rights " issue
to the Senior Staff as C.I.A.
operative, whose alias is
" PEGASUS"; responsible
for National Security.

The form "Abstract Jared"
is on may fit the "Bill".

The Court order dictates
demands oleviation from thier
standard treatment policy.
They still stand fast.

Petitioner will add
clarification as to acknowledge
point in fact, that re-petition
is _not_ in the form of a
grievance.

We ask the Supreme
Court of Illinois to reconsider
in light of what Mr. Cohee
sat behind on July Seventeenth
2006 in front of Judge
Kouri.

Be advised Supreme Court
once again; the Defendant was
under arrest upon appearance
with no counsel present other
tham himself of course.

The Constitutional endeavor
is of ultimate concern. Yet
to "Pegasus" still manages to
set himself ~~favourabley~~
favorably to obtain a stay

from the Supreme Court of Illinois in O4-D-499.

Mr. Cohee realized and followed the leed of Statutory Rule for US.

We pray for the relief as to effect no cost to the People of the State of Illinois by the re-entry of denied Motion.

Two Appellate Court orders are attatched to present Motion. Does that further assist Justice Karmeier in our ability to sway "Opinion"?

The Honorable Judge Mihm could

be satisfied that the State
remedies have been exhausted
pursuant orders of Court of
aforemention.

The matter of 06-CV-1073
in the United States District
Court of Illinois, Division of
Peoria will be redressed upon
grounds of new evidence.

Beyond the waiver of
the "People's" tax dollars, the
qualified Preamble of the
United States of America's
Constitution is borne
under neath the claim of
false imprisonment. As to

mention; 44 Vol., Ill. 146 or 148

realizes;

1) The Magna Charta's
   Articles Four, Five, and Six,
   and or,
2) Prize Cases and

3) we would like to have
   our Authorities back in.
   (Common Law writ of cert.)

If Mr. Cohee can prove his
Case and to effectively have
his "felony" charges dismissed,
that amount to Three, the
Color of Title 18 U.S.C.A.,
Section 4, "Misprison of Felon"
is at Stake.

IS that why Judge Kouri
Stated in open Court "Pegasus"
was a threat to the Judiciary?

In defense the Judge
was asked by the Defendant,
'if the question consisted
of more than legalities'.

The Bar gave zero response.

So Defendant did not Badger
the Judge! ~~And~~ Mindful of the
Deputey of course.

Has anyone heard of
"Equal Protection"?

Petitioner, Mr. Jason E.
Cohee holds no animosity
towards the Supreme Court
of Illinois upon mention
of Section 4, but yet the
Charge has been taken to

the Third District of
Illinois in Ottawa. No Summons
have been mete-out.

The Petition to Courts
of Illinois are for the
grievance of the Care
afforded by the first
Illinois Court of Appeal.

As to further advise the
Supreme Court of Illinois;
Defendant Appellant, Mr. Cohee,
will attempt to potition a
different United States
Court in Court matters
filed in Ottawa and Peoria.

The First Amendment right

afforded us to re-petition
for grievances will come-
forthright as to State of
Illinois Third District Appellate
Courts has dismissed
General numbers 3-06-0048 and
3-06-0319.

Ability to prosecute
appeal in Ottawa is gone.
The State remedy the Third
District of Ottawa satisfied
vanished with entry of
orders on July Fourteenth,
Two-thousand-Six A.D.

Supreme Court of Illinois
please be advised to observe

Third District's dismissal of cases as contradictory to "Substance" takes presidence over "Form".

The original orders will be set in the Federal Court systems I submit copy to the State Courts.

# CONCLUSION

I, Jason Edward Cohee, as a poor, down trodden individual both psychologically and physically also maintains sound grounds pursuant S. Ct. R. 368 to further prosecute appeal in the

Federal Court of Claims.

The Third District Should have pushed the Constitutional endeavor to Illinois Supreme Court by Rule. The Constitutional are to be left within the Supreme Court of Illinois, first. "Harvey" a Third District case did not see the Constitutional questions resolved. Mr. Cohee did not realize any part of "Harvey" for that reason.

As the "Merskey" Defendant, a step up the Judicial Ladder is "Necessary and Proper"!

(Federal Court of Claims)

Three reasons will be given:

1) Find direction for the Honorable Judge Mihm as well as self and or,

2) Change of venue for personal reasons and or;

3) diversity.

Mihm, J. has made a sound decision previously in "Morrow". His mind is set on the unconstitutionality of the "Dead beat Dad Act"

Prima facia evidence, the presumption of evidence,

and the burden of proof weigh to heavily on a pro se Defendant or any defendant for that matter.

The Fifth Amendment takes over in matters of Child-Support.

Mention of "No Imprisonment for Debt" in the State of Illinois Constitution increase the gravity of Mr. Cohee's attempt to challenge S. Ct. R. 296 and or the "Dead beat Dad Act".

Defendant requests; Supreme Court of Illinois

to scrutinize, State and
Federal Law as one is more
so than not the other.

Mr. Cohee has presented
to Judge Kouri the Illinois
Constitutional question of
mention twice. Written
and in oratory fashion.

The orator has been
taken to Peoria County
Jail in both instances.

I respectfully apologize,
the case numbers of the
Federal cases are not within
my grasp as I Draft.

Respectfully submitted, Jason Cohee
Dated July 30, 2006

attached to
18 pgs as
p 19

Dated July 30, 2006

Respectfulley submitted,

Jason E. Cohee

X Jason Cohee

mailing     9805 Trivoli Rd.
Address     Glosford, IL 61533
(house has suffered fire
damages)

Attatched proof of service;

also, as not solicited upon any

court As

Motion of Attatcment

Whereas to attatch Exhibits; (O)

(U) and (EX) in this United States

District Courthouse.

Jason Cohee

1 of 18
act 19.

# NO. 102851

# SUPREME COURT OF ILLINOIS, IN SPRINGFIELD

In re: "Marriage of COHEE"

Brenda S. Cohee (A.K.A. Smith)
      Respondent
      Appellee
V.    Plantiff

Jason E. Cohee
     Petitioner
     Appellant
     Defendant

general Appellate Nos.
  3-06-0048
  3-06-0319
Circuit Court of Peoria
County Nos. 04-D-499
    05-OP-917

Request Fed. R. Civ. P. Rule 26(c) (C.I.A. priveledge)
              among others

# MOTION TO RECONSIDER RULE

3-06-0319

**OFFICE OF THE CLERK**
THIRD DISTRICT APPELLATE COURT
1004 COLUMBUS STREET
OTTAWA, ILLINOIS 61350

Case No. Cohee's Exhibit (O)
06-CV-1073

6153349709-05 R001

Mr. Jason Cohee
9805 S. Trivoli Road
Glasford, IL 61533



049J82021939
$ 00.390
07/14/2006
Mailed From  61350
**US POSTAGE**

Neopost

*"Cohee's" Exhibit (u)*

# STATE OF ILLINOIS
## THIRD DISTRICT APPELLATE COURT

*Case No. 06-CV-1073*



**GIST FLESHMAN**
Clerk of the Court
815 434-5050

1004 Columbus Street
Ottawa, Illinois 61350
TDD 815 434-5068

July 14, 2006

Mr. Jason Cohee
9805 S. Trivoli Road
Glasford, IL 61533

RE:  General No. 3-06-0048
Circuit Court No. 04D499
County of Peoria
Marriage of Cohee, Jason and Brenda

The Court has this day entered in the above entitled cause the
following order:

The Court finds that appellant's brief was stricken
for failure to comply with Supreme Court Rules 341, 342 & 344.
The Appellant was allowed to file an amended brief. Appellant's
amended brief did not comply with the Supreme Court Rules.

THE COURT FINDS that Appellant has failed to comply with
Supreme Court Rule 341 (188 Ill. 2d R. 341);

IT IS THEREFORE ORDERED that this cause be, and the same is,
dismissed.

CONSISTING OF the panel of Justice Mary K. O'Brien,
Justice Mary W. McDade and Justice Kent Slater.

GIST FLESHMAN, Clerk
Third District Appellate Court

cc: Ms. Brenda Cohee
Mr. Robert Spears, Circuit Clerk

*"Cohee's"* *Exhibit (Ex)*

# STATE OF ILLINOIS
## THIRD DISTRICT APPELLATE COURT

*Case No.*
*06-CV-1073*



**GIST FLESHMAN**
Clerk of the Court
815 434-5050

1004 Columbus Street
Ottawa, Illinois 61350
TDD 815 434-5068

July 14, 2006

Mr. Jason Cohee
9805 S. Trivoli Road
Glasford, IL 61533

      RE:  General No. 3-06-0319
            Circuit Court No. 04D499
            County of Peoria
            Marriage of Cohee, Brenda and Jason

The Court has this day entered in the above entitled cause the following order:

    THIS CAUSE coming on to be heard on the Court's Motion for Rule to Show Cause why this appeal should not be dismissed for failure of Appellant to pursue this appeal according to the Supreme Court Rules, and the Court being fully advised in the premises;

    THE COURT FINDS that Appellant has failed to comply with Supreme Court Rule 313 (155 Ill. 2d R. 313);

    IT IS THEREFORE ORDERED that this cause be, and the same is, dismissed.

    CONSISTING OF the Panel of Justice William E. Holdridge, Justice Mary W. McDade and Presiding Justice Daniel L. Schmidt.

                    GIST FLESHMAN, Clerk
                    Third District Appellate Court

cc: Ms. Brenda Cohee
    Mr. Robert Spears, Circuit Clerk

**Petition Under** Title 28 USC / 2254
Motion for Procedural Orders

Notice of Motion (petition to compel Review)



**FILED**

APR - 3 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## UNITED STATES DISTRICT the CENTRAL DISTRICT of

## ILLINOIS at PEORIA

Civil action, File number: 1:06-CV-01073- MMM-JAG

Jason Edward Cohee

     Petitioner

     v.

State of Illinois

     Defendant

Et alli

     Respondents

case no. 06-1073



Rule for grounds to be heard in, United States District Court Central

District of Illinois, Fed. R. Civ. P. 15(d), for supplemental proceedings,

allows opportunity to make motion to Reconsider judgment in Civil Case of

aforesaid number. Petitioner, Mr. Cohee, will attempt to readdress U.S.

Court of record as a Pro Se litigant.

   a) Answer from Court as to Mr. Cohee's complaint as frivolous:

1