E-FILED
Tuesday, 22 August, 2006 04:30:14 PM
Clerk, U.S. District Court, ILCD
AUG 22 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

06-1073

in the presence of the governor, and proclamation shall be made by the governor forthwith of the result of the polls. If it shall appear that a majority of all the votes polled are for the adoption of this constitution, it shall be the supreme law of the land, from and after the first day of April, 1848, but if it shall appear that a majority of the votes polled were given against the constitution, the same shall be null and void. If it shall further appear that a majority of the votes polled shall have been given for the separate article in relation to colored persons, or the article for the two mill tax, then said article or articles shall be and form a part of this constitution: otherwise said article or articles shall be null and void.

§ 14. That if this constitution shall be ratified by the people, the governor shall forthwith, after having ascertained the fact, issue writs of election to the sheriffs of the several counties in this state, or in case of vacancy to the coroners, for the election of all the officers, the time of whose election is fixed by this constitution or schedule; and it shall be the duty of said sheriffs or coroners to give at least twenty days' notice of the time and place of said election, in the manner now prescribed by law.

§ 15. The general assembly shall, at its first session after the adoption of this constitution, provide by law for the mode of voting by ballot, and also for the manner of returning, canvassing and certifying the number of votes cast at any election; and until said law shall be passed, all elections shall be *viva voce,* and the laws now in force regulating elections shall continue in force until the general assembly shall provide otherwise, as herein directed.

§ 16. That the first general election of governor, secretary of state, auditor, treasurer and members of the general assembly, and of such other officers as are to be elected at the same time, shall be held on the first Monday of August, 1848, anything in this constitution to the contrary notwithstanding. County officers then elected shall hold their respective offices until their successors are elected or appointed, in conformity with laws hereafter enacted.

§ 17. That returns of the election of justices of the supreme and judges of the circuit courts, secretary of state, auditor and treasurer, shall be made and canvassed as is now provided by law for representatives in congress; and returns for members of the general assembly and county officers shall be made and canvassed as is now provided by law.

§ 18. That all laws of the state of Illinois, and all official writings, and the executive, legislative and judicial proceedings, shall be conducted, preserved, and published in no other than the English language.

§ 19. On the first Monday in December, 1848, the term of office of judges of the supreme court, state's attorneys, and of the clerks of the supreme and circuit courts, shall expire; and on said day, the term of office of the judges, state's attorneys, and clerks elected under the provisions of this constitution, shall commence. The judges of the supreme court, elected as aforesaid, shall have and exercise the powers and jurisdiction conferred upon the present judges of that court; and the said judges of the circuit court shall have and exercise the powers and jurisdiction conferred upon the judges of those courts, subject to the provisions of this constitution.

§ 20. On the first Monday of December, 1848, jurisdiction of all suits and proceedings then pending in the present supreme court shall become vested in the supreme court established by this constitution, and shall be finally adjudicated by the court where the same may be pending. The jurisdiction of all suits and proceedings then pending in the circuit courts of the several counties shall be vested in the circuit courts of said counties.

§ 21. The Cook and Jo Daviess county courts shall continue to exist, and the judge and other officers of the same remain in office until otherwise provided by law.

§ 22. Until otherwise provided by law, the terms of the supreme court shall be held as follows: In the first division, on the first Monday of December, 1848, and annually thereafter. In the second division, on the third Monday of December, 1848, and annually thereafter. In the third division, on the first Monday of February, 1849, and annually thereafter. The sheriffs of Jefferson and LaSalle counties shall perform the same duties and receive the same compensation as is required and provided for the sheriff of Sangamon county, until otherwise provided by law.

§ 23. Nothing in this constitution shall prevent the general assembly from passing such laws in relation to the apprenticeship of minors, during their minority, as may be necessary and proper.

§ 24. That the general assembly shall pass all laws necessary to carry into effect the provisions of this constitution.

§ 25. Elections of judges of the supreme and circuit court shall be subject to be contested.

§ 26. Contested elections of judges of the supreme court shall be tried by the senate, and of judges of the circuit court by the supreme court, and the general assembly shall prescribe the manner of preceeding therein.

A Note to Court- found in 1937 or 1935 AILCS which is missing from Supreme Court Library as of last visit (D)

RECEIVED
JUN 29 2006
SUPREME COURT CLERK

## CONSTITUTION OF 1870

PREAMBLE. We, the people of the state of Illinois—grateful to Almighty God for the civil, political and religious liberty which He hath so long permitted us to enjoy, and looking to Him for a blessing upon our endeavors to secure and transmit the same unimpaired to succeeding generations—in order to form a more perfect government, establish justice, insure domestic tranquillity, provide for the common defense, promote the general welfare, and secure the blessings of liberty to ourselves and our posterity, do ordain and establish this constitution for the state of Illinois.

In considering constitutionality of act, court will be influenced by every presumption in favor of act and by fact that act has been recognized as constitutional for many years. People ex rel. Rusch v. Ladwig, 365—574, 7 N.E.(2d) 313.

In determining constitutionality of act, court begins with presumption that act is valid and resolves all doubt in its favor. City of Chicago v. Ames, 365—529, 7 N.E.(2d) 294.

Alleged unconstitutionality of accountancy act (Ch. 110½, §§ 5, 6) on ground that it discriminated against own citizens by subjecting them to revocation of certificates, but not subjecting accountants from other states, could not be raised by accountant who had not alleged that they were about to have their licenses revoked. Elliott v. University of Illinois, 365—338, 6 N. E.(2d) 647.

State Constitution is not grant of power to Legislature, but limitation on its powers, and Legislature possesses every power not delegated to some other department, or to federal government, or not denied to it by Constitution of State or United States. Fenske Bros. v. Upholsterers' International Union of North America, Local No. 18, 358—239, 193 N. E. 112.

### ARTICLE I

#### BOUNDARIES

The boundaries and jurisdiction of the state shall be as follows, to-wit: Beginning at the mouth of the Wabash river; thence up the same, and with the line of Indiana, to the northwest corner of said state; thence east, with the line of the same state, to the middle of Lake Michigan; thence north, along the middle of said

# Article 1

lake, to north latitude 42° and 30'; thence west to the middle of the Mississippi river, and thence down along the middle of that river to its confluence with the Ohio river, and thence up the latter river, along its northwestern shore, to the place of beginning: *Provided,* that this state shall exercise such jurisdiction upon the Ohio river as she is now entitled to, or such as may hereafter be agreed upon by this state and the state of Kentucky.

"Low-water mark" of Ohio river, marking boundary between Illinois and Kentucky, is determined by record for low water. Joyce-Watkins Co. v. Industrial Commission, 325—378. 156 N. E. 346.

## ARTICLE II
### BILL OF RIGHTS

§ 1. All men are by nature free and independent, and have certain inherent and inalienable rights—among these are life, liberty, and the pursuit of happiness. To secure these rights and the protection of property, governments are instituted among men, deriving their just powers from the consent of the governed.

Right of citizen to pursue any trade or calling is subordinate to right of state to limit such freedom of action by statutory regulations where public health, safety, or welfare of society may require. Scully v. Hallihan, 365—185, 6 N.E.(2d) 176.

Liberty and property rights are subject to police power, which is limited to enactments having reference to public health, comfort, safety, and welfare, and under which new burdens may be imposed upon property and new restrictions placed on its use when public welfare demands it. State Bank & Trust Co. v. Village of Wilmette, 358—311, 193 N. E. 131, 96 A. L. R. 1327.

In exercising police power, Legislature may enact laws regulating, restraining, or prohibiting anything harmful to welfare of people, even though such regulation, restraint, or prohibition interferes with liberty of individual. Fenske Bros. v. Upholsterers' International Union of North America, Local No. 18, 358—239, 193 N.E. 112, 97 A.L.R. 1318, cert den 55 S.Ct. 645, 295 U.S. 734, 79 L. Ed. 1682.

§ 2. No person shall be deprived of life, liberty or property, without due process of law.

Statute which forbids or requires doing of act in terms so vague that men of common intelligence must necessarily guess at meaning of statute and differ as to application thereof is violative of due process of law. People v. Cooper, 366—113, 7 N.E.(2d) 882.

Whether act is open to charge that it denies equal protection of the laws depends not on whether the parties affected have been discriminated against, but on whether there is reasonable basis for classification made by statute. People ex rel. Rusch v. Ladwig, 365—574, 7 N.E.(2d) 313.

Ch. 48, § 134, requiring manufacture, repair, or alteration of metals or merchandise by methods productive of poisonous or noxious fumes or dusts, to be conducted in rooms lying wholly above the surface of the ground, held unconstitutional as unlawfully discriminating between persons similarly situated and an invasion of property rights under purported police power. Agnew v. Woodruff & Edwards, 365—384, 6 N.E.(2d) 623.

Alleged unconstitutionality of accountancy act (Ch. 110½, §§ 5, 6) on ground that it discriminated against own citizens by subjecting them to revocation of certificates, but not subjecting accountants from other states, could not be raised by accountant who had not alleged that they were about to have their licenses revoked. Elliott v. University of Illinois, 365—338, 6 N. E.(2d) 647.

Defendant held not deprived of due process of law where conviction was obtained by testimony of defendant's accomplice, who had agreed to tell all he knew in return for recommendation by prosecuting attorney to judge for leniency. People v. Karatz, 365—255, 5 N. E.(2d) 842, affirming in part 287 A. 12, 4 N.E.(2d) 517.

Ch. 111½, § 95, et seq., a regulatory plumbing act which required proficiency in many subjects wholly foreign to drain-layers trade held unconstitutional as applied to drain-layers, since it deprived them of their liberty and property without due process of law. Scully v. Hallihan, 365—185, 6 N.E.(2d) 176.

Provision of Filled Milk Act (Ch. 56½, §§ 19(c)-19(e), declaring filled milk, defined as milk to which has been added any fat or oil other than milk fat, to be an adulterated food and its sale a fraud on the public held unconstitutional denial of due process in denying seller right to offer proof with respect to adulteration. Carolene Products Co. v. McLaughlin, 365—62, 5 N.E.(2d) 447.

Ch. 121½, § 188, et seq., authorizing enforcement of agreements fixing resale prices of trade-marked commodities held not unconstitutional as violative of due process. Joseph Triner Corporation v. Oransky, 365—19, 5 N.E.(2d) 213.

Essential elements of "due process of law" are notice, and an opportunity to be heard, and to defend in an orderly proceeding adapted to the nature of the case. Benton v. Marr, 364—628, 5 N.E.(2d) 466.

No taxpayer has any vested right in village as municipal corporation or any guaranty that its boundaries will remain unchanged or that it may not lose its corporate life. Punke v. Village of Elliott, 364—604, 5 N.E.(2d) 389.

Right, to be within protection of Constitution, must be a vested right, and not merely an expectancy based on an anticipated continuance of an existing law. Dodge v. Board of Education of City of Chicago, 364—547, 5 N.E.(2d) 84.

Ch. 95½, § 26b, authorizing city to require inspection of residents' motor vehicles to determine sufficiency of equipment required by statute for safe operation at city testing stations and city ordinance requiring such inspections held not invalid as violating due process clause of this section. City of Evanston v. Wazau, 364—198, 4 N.E.(2d) 78.

In order to constitute "due process of law" within meaning of State and Federal Constitutions, it is necessary that orderly proceedings according to established rules which do not violate fundamental rights should be observed, but where person affected has due and sufficient notice and an adequate opportunity to present his defense, the constitutional requirements of due process of law are met. Lincoln-Lansing Drainage Dist. v. Stone, 364—41, 2 N.E.(2d) 885.

Ch. 121½, § 188 et seq., declaring sale of trade-marked commodity at less than price stipulated by vertical resale price agreement unfair competition and actionable at suit of person damaged held not violative of constitutional due process clauses. Joseph Triner Corporation v. McNeil, 363—559, 2 N.E.(2d) 929, 104 A.L.R. 1435, affirmed McNeil v. Joseph Triner Corporation, 57 S.Ct. 139, 81 L.Ed. —.

Ordinance prohibiting sale of articles except daily newspapers on streets in specified congested districts held not to deprive magazine seller of due process of law. City of Chicago v. Rhine, 363—619, 2 N.E.(2d) 905, 105 A. L.R. 1045.

Where only contention presented on wife's direct appeal to Supreme Court from order finding that husband had paid all installments of alimony due at time and restraining wife from molesting and interfering with husband and his employer was that order was entered without due process of law, and contention did not present constitutional question, appeal would be dismissed rather than transferred to appellate court. De La Cour v. De La Cour, 363—545, 2 N.E.(2d) 896.

Attorneys' Lien Act (Ch. 13, § 14, post) held not unconstitutional as violating due process clauses of Federal (Amend. 14) and State Constitutions. Catherwood v. Morris, 360—473, 196 N. E. 519.

Under constitutional provision that no person shall be deprived of life, liberty or property without due process of law, a law must be binding upon and affect alike each member of community of same class. Berman v. Board of Education of City of Chicago, 360—535, 196 N. E. 464.

"Due process of law" is an orderly proceeding wherein person is served with notice and has opportunity to be heard, and to enforce and protect his rights before a tribunal having power to hear and determine the case. City of Chicago v. Peterson, 360—177, 195 N. E. 636.

Statute which requires performance of an act in terms so indefinite, uncertain, and puzzling that men of ordinary intelligence must necessarily guess at its meaning and differ as to its application transcends "due process of law." Boshuizen v. Thompson & Taylor Co., 360—160, 195 N. E. 625.

Statutes which either forbid or require doing of an act in terms so vague that men of common intelligence must necessarily guess at their meaning and differ as to their application transcend "due process of law." Parks v. Libbey-Owens-Ford Glass Co., 360—130, 195 N. E. 616.

Federal and state court decisions, construing statutes respecting stockholders' liability to defunct banks' creditors, did not create contract which could not be substantially changed by subsequent decision of court of competent jurisdiction. Kingston v. Old Nat. Bank of Centralia, 359—192, 194 N. E. 213.

Supreme Court held not to have jurisdiction of appeal direct from trial court which rendered judgment for defendants notwithstanding verdict for plaintiff on ground that plaintiff was deprived of right to trial by jury and of due process of law, where record did not disclose that constitutional question was raised in connection with motion for directed verdict when made, and no assignment of error questioned trial court's action, and evidence was not preserved. Foreman-State Nat. Bank v. Sistek, 358—525, 193 N. E. 513.

Constitutional guaranty that private property shall not be taken without due process of law is subject to exercise of police power in promotion of public health, safety, morals, or general welfare. State Bank & Trust Co. v. Village of Wilmette, 358—311, 193 N. E. 131, 96 A. L. R. 1327.

Test whether statute affords "equal protection" is whether it requires same means and methods to be employed alike by persons composing the class affected, so that law operates uniformly on all persons similarly situated. Lipman v. Goebel, 357—315, 192 N. E. 203, cert den 55 S.Ct. 508, 79 L.Ed. —.

Power conferred by statute on trustees of city sanitary district is subject to paramount authority of state and Federal Constitutions, prohibiting taking of private property without just compensation and due process of law.

Appears at p. 3 of 4 (cert)

**P. 40**

:ht in village as mu-
ity that its bounda-
t ay not lose its
of tt, 364—604, 5

f Constitution, must
an expectancy based
existing law. Dodge
Chicago, 364—547, 5

to require inspection
ermine sufficiency of
r safe operation at
iance requiring such
iolating due process
ston v. Wazau, 364—

ess of law" within
stitutions, it is nec-
rding to established
ental rights should
ected has due and
portunity to present
ements of due proc-
g Drainage Dist. v.

ale of trade-marked
ited by vertical re-
tion and actionable
violative of consti-
Triner Corporation
, 104 A.L.R. 1435.
rporation, 57 S.Ct.

except daily news-
sted districts held
le process of law.
.E.(2d) 905, 105 A.

wife's direct ap-
ding that husband
due at time and
interfering with
order was entered
ntion did not pre-
ould be dismissed
urt. De La Cour

) held not uncon-
auses of Federal
therwood v. Mor-

o n shall be
ho ue process
affect alike each
Berman v. Board
, 196 N. E. 464.
roceeding where-
s opportunity to
s rights before a
ermine the case.
N. E. 636.

an act in terms
at men of ordi-
at its meaning
ds "due process
or Co., 360—160.

doing of an act
ntelligence must
iffer as to their
, Parks v. Lib-
N. E. 616.

truing statutes
ct banks' cred-
ld not be sub-
n of court of
Nat. Bank of

ction of appeal
lgment for de-
itiff on ground
by jury and of
t disclose that
nnection with
nd no assign-
tion, and evi-
Nat. Bank v.

erty shall not
bject to exer-
: health, safe-
: & Trust Co.
131, 96 A. L.

rotection" is
ds to be em-
s affected, so
similarly sit-
E. 203, cert

ci itary
of e and
pri prop-
cess of law.

---

**P. 41**

Sanitary Dist. of Chicago v. Commonwealth Edison Co., 357—255, 192 N. E. 248.

Where Commerce Commission entered order suspending increased gas rates until November 24, 1936, and on August 21, 1936, denied gas company's prayer to be given immediate authority to put into effect increased rates pending final determination of reasonableness of such rates, gas company held not entitled to temporary injunction to restrain Commission from enforcing existing rates, under evidence disclosing that company was making annual net profit of more than 3 per cent. on company's own estimated value, and it appeared that its profits were increasing. Peoples Gas Light & Coke Co. v. Slattery, 287 A. 379, 5 N.E.(2d) 285.

§ 3. The free exercise and enjoyment of religious profession and worship, without discrimination, shall forever be guaranteed; and no person shall be denied any civil or political right, privilege or capacity, on account of his religious opinions; but the liberty of conscience hereby secured shall not be construed to dispense with oaths or affirmations, excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of the state. No person shall be required to attend or support any ministry or place of worship against his consent, nor shall any preference be given by law to any religious denomination or mode of worship.

Charter authorizing establishment and maintenance of school for study of Bible by any one wishing to attend, to be controlled by Methodist Episcopal Church, and exempting its property from taxation, held not in conflict with section, nor First Amendment to Federal Constitution, relating to freedom of worship. Garrett Biblical Institute v. Elmhurst State Bank, 331—308, 163 N. E. 1.

§ 4. Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense.

Park commissioners' refusal to permit use of park facility, designed primarily as athletic stadium, for purpose of public address on social and economic questions held not to infringe rights of free speech. Coughlin v. Chicago Park Dist., 364—90, 4 N.E.(2d) 1.

Ordinance prohibiting sale of articles on streets in specified congested districts which applied to magazine seller held not violative of constitutional provision that all persons may freely write and publish on all subjects. City of Chicago v. Rhine, 363—619, 2 N.E.(2d) 905, 105 A.L.R. 1045.

§ 5. The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law.

Question of fact should be submitted to jury unless facts are such as to raise purely question of law. White v. City of Belleville, 364—577, 5 N.E.(2d) 215, reversing 284 A. 322, 1 N.E.(2d) 790.

Right to jury trial guaranteed by Constitution is only in actions known to common law and is not matter of right in equity proceedings. Weininger v. Metropolitan Fire Ins. Co., 359—584, 195 N. E. 420.

In robbery prosecution, defendant held not entitled to waive jury trial over people's objection. P. v. Le Mar, 358—58, 192 N. E. 703.

In an appeal of civil action from justice of peace to circuit court, each party litigant is entitled to trial by jury and cannot be deprived of his right to such trial by any act of adverse party or of presiding judge without actual waiver of trial by jury. North American Provision Co. v. Kinman, 288 A. 414, 6 N.E.(2d) 235.

§ 6. The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized.

One who consents to search of his property waives his constitutional right subsequently to complain that search and seizure were unlawful. People v. McDonald, 365—233, 6 N.E.(2d) 182.

Constitutional rights against "unlawful searches and seizures" of property apply only to unreasonable searches and seizures. P. v. Bain, 259—455, 195 N. E. 42, rev 274 A. 215.

Where order requiring defendant to produce certain documents was general and not limited to production of documents relevant and pertinent to issues, it was violative of defendant's constitutional rights to be secure against unreasonable search and seizure of his papers and effects. Red Star Laboratories Co. v. Pabst, 359—451, 194 N. E. 734.

Where officer lawfully stopping automobile to inquire into its ownership observed quantity of merchandise in car, evidence of such merchandise held admissible in larceny prosecution against driver, since no search was involved: "search" implying an invasion and quest with

some sort of force, either actual or constructive. P. v. Marvin, 358—426, 193 N. E. 202.

Unlawful search cannot be justified by what is found, and search which is unlawful in beginning is not made lawful by discovery and seizure of contraband articles. P. v. Poncher, 358—73, 192 N. E. 732.

§ 7. All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great; and the privilege or writ of *habeas corpus* shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

Constitutional provision that all persons are entitled to bail contemplates admission to reasonable bail of all persons charged with criminal offense except for capital offenses where proof is evident or presumption great. P. ex rel. Smith v. Blaylock, 357—23, 191 N. E. 206, 93 A. L. R. 300.

§ 8. No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army and navy, or in the militia, when in actual service in time of war or public danger: *Provided*, that the grand jury may be abolished by law in all cases.

Supreme Court cannot review conviction for misdemeanor on writ of error because of constitutional question not presented to trial court and preserved for review. P. v. Garrison, 349—37, 181 N. E. 605, transf P. v. Stump, 269 A. 182.

§ 9. In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

In prosecution for uttering forged note the signature on which had been retraced, prosecuting attorney's suggestion that jurors retrace their signatures in jury room held prejudicial error as depriving defendant of constitutional right to appear and defendant to meet the witnesses face to face. People v. White, 365—499, 6 N.E.(2d) 1015.

To give effect to constitutional provision, that every person charged with crime shall be given a speedy, public trial, period fixed must date from arrest and not from time when indictment is returned. P. v. Szobor, 360—233, 195 N. E. 648.

§ 10. No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense.

Judgment of not guilty of conspiring to receive deposits with knowledge of bank's insolvency held not to bar subsequent prosecution of same defendants for receiving deposits with such knowledge. P. v. Bain, 358—177, 193 N. E. 137.

§ 11. All penalties shall be proportioned to the nature of the offense, and no conviction shall work corruption of blood or forfeiture of estate; nor shall any person be transported out of the state for any offense committed within the same.

Grouping 16 counts in one indictment based on violations of Motor Fuel Tax Law (ch. 120, § 431a, post) consisting of collection and failure to pay over tax, for purposes of verdict and punishment, *held* not in violation of this section. P. v. Allen, 352—262, 185 N. E. 605, transf 276 A. 28.

§ 12. No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud.

In enforcement of constitutional provision that no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for benefit of creditor or in cases where there is strong presumption of fraud, every doubt should be resolved in favor of liberty of citizen and no one should be imprisoned for failure to pay money unless evidence clearly shows that party charged has money within his power to pay, or that he had money and wrongfully disposed thereof. Tudor v. Firebaugh, 364—283, 4 N.E.(2d) 393.

Chapter 77, §§ 4, 5, post, authorizing body execution on tort judgments, and Insolvent Debtors Act (Ch. 72, § 2) authorizing release from imprisonment unless malice is gist of action, *held* not violative of Constitution abolishing imprisonment for debt. Petition of Blacklidge, 359—482, 195 N. E. 3.

Judgment in tort action for intentional wrong and injury held not to involve "debt" within meaning of con-

Article 2, § 13                        CONSTITUTION OF 1870                        P. 42

stitutional inhibition against imprisonment for debt. Lipman v. Goebel, 357—315, 192 N. E. 203, cert den 55 S. Ct. 508, 79 L. Ed. ——.

§ 13. Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the state, shall be ascertained by a jury, as shall be prescribed by law. The fee of land taken for railroad tracks, without consent of the owners thereof, shall remain in such owners subject to the use for which it is taken.

Damage arising out of taking of landowner's right to natural flow of water of creek in construction of drainage ditch held "property damage" by drainage district, within this section. Eldred Drainage and Levee Dist. v. Wilcoxson, 365—249, 6 N.E.(2d) 149.

Department of public works and buildings, after selecting highway route into town, entering into construction contracts, expending $18,000 for construction, and inducing citizens to raise more than $3,500 for acquiring right of way, held without power to relocate route and acquire right of way therefor by eminent domain, in absence of showing of any new engineering problems or lack of feasibility of route selected. Department of Public Works and Buildings v. Schlich, 359—337, 194 N. E. 587.

Right of property owner damaged by construction of public work to recover damages may be asserted by him as plaintiff in an action at law where no property is actually taken or as defendant to eminent domain proceeding for condemnation of property actually taken. Roe v. Cook County, 358—568, 193 N. E. 472.

Constitutional guaranty that private property shall not be taken for public use without just compensation is subject to exercise of police power in promotion of public health, safety, morals, or general welfare. State Bank & Trust Co. v. Village of Wilmette, 358—311, 193 N. E. 131, 96 A. L. R. 1327.

Power conferred by statute on trustees of city sanitary district is subject to paramount authority of State and Federal Constitutions, prohibiting taking of private property without just compensation and due process of law. Sanitary Dist. of Chicago v. Commonwealth Edison Co., 357—255, 192 N. E. 248.

This section contemplates only one recovery for past, present, and future damages. Johnson v. Cook County (App.) 8 N.E.(2d) 220.

Property owner who suffers damages by reason of vacation of public streets may not recover from city at all, unless his damages are different in kind and not merely in degree from those suffered by general public. Davis v. City of Chicago, 290 A. 244, 8 N.E.(2d) 378.

§ 14. No ex post facto law, or law impairing the obligation of contracts, or making any irrevocable grant of special privileges or immunities, shall be passed.

Administrative body's power to levy tax is jurisdictional and hence cannot be conferred by subsequent legislative act if power was lacking at time of its purported exercise. People ex rel. Ward v. Chicago & E. I. Ry. Co., 365—202, 6 N.E.(2d) 119.

Wisconsin statute, authorizing state banking commissioner to enforce stockholders' additional liability to defunct bank's creditors by action in his name and providing for reimbursement of stockholders discharging such liability from remaining property before distribution thereof among stockholders, held not unconstitutional as to stockholders as depriving them of due process of law. Kingston v. Old Nat. Bank of Centralia, 359—192, 194 N. E. 213.

Party to contract could not complain of impairment thereof, unless contract was valid in its inception. Great United Mut. Ben. Ass'n v. Palmer, 358—276, 193 N. E. 146.

§ 15. The military shall be in strict subordination to the civil power.

§ 16. No soldier shall, in time of peace, be quartered in any house without the consent of the owner; nor in time of war, except in the manner prescribed by law.

§ 17. The people have the right to assemble in a peaceable manner to consult for the common good, to make known their opinions to their representatives, and to apply for redress of grievances.

Park commissioners' refusal to permit use of park facility, designed primarily as athletic stadium, for purpose of public address on social and economic questions held not to infringe rights of peaceable assembly. Coughlin v. Chicago Park Dist., 364—90, 4 N.E.(2d) 1.

§ 18. All elections shall be free and equal.

Chapter 122, § 483, post, authorizing state examining board and superintendent of public instruction to determine applicant's good moral character before granting state certificate held not invalid as delegation of arbitrary legislative power. P. v. Flaningam, 347—328, 179 N. E. 823.

§ 19. Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay.

Inasmuch as Legislature had right to legalize acts of peaceable picketing and peaceable persuasion, Chapter 48, § 2a, post, forbidding restraint of such peaceable acts is not violative of this section. Fenske Bros. v. Upholsterers' International Union of North America, Local No. 18, 358—239, 193 N. E. 112, cert den 55 S. Ct. 645, 79 L. Ed. ——.

§ 20. A frequent recurrence to the fundamental principles of civil government is absolutely necessary to preserve the blessings of liberty.

### ARTICLE III

#### DISTRIBUTION OF POWERS

The powers of the government of this state are divided into three distinct departments—the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.

Statute which vests in administrative officers discretion, not only as to administration of statute but also to determine what the law is, or to apply it to one and refuse its application to another in like circumstances, is void as unwarranted delegation of legislative authority. Malloy v. City of Chicago, 365—604, 7 N.E. (2d) 320.

Ch. 46, § 186, authorizing county court to adjudge judges of election in contempt of court for misconduct held not violative of constitutional provision relating to division of powers of government. People ex rel. Rusch v. Ladwig, 365—574, 7 N.E.(2d) 313.

Accountancy act (Ch. 110½, § 2) which authorized state university to determine whether applicants for accounting certificates had proper qualifications held not void as a delegation of legislative and judicial powers to university, since Legislature had established qualifications for certified public accountants and university had purely ministerial function to determine if applicants had those qualifications. Elliott v. University of Illinois, 365—338, 6 N.E.(2d) 647.

Provision of Filled Milk Act (Ch. 56½, §§ 19(c)–19(e), declaring filled milk, defined as milk to which has been added any fat or oil other than milk fat, to be an adulterated food, and its sale a fraud on public held unconstitutional invasion of province of judiciary. Carolene Products Co. v. McLaughlin, 365—62, 5 N.E.(2d) 447.

Ch. 24, §§ 385d–385g, permitting owners of tract of land located within corporate limits at boundary of city, town, or village and containing 20 acres or more to file petition of disconnection in county or circuit court held not unconstitutional as delegation of legislative or judicial power, since General Assembly could alter boundaries of municipality by statute and court without exercising discretion determined only statute's execution. Punke v. Village of Elliott, 364—604, 5 N.E.(2d) 389.

Legislature, by providing that judges and clerks of election are officers of court, and that violation of their duties under election law constitutes contempt, did not delegate legislative function nor invade province of court. People ex rel. Rusch v. Enger, 364—464, 4 N.E. (2d) 870.

Fixing penalty of bond of distributor of motor fuels at $2,000 held not an unreasonable exercise of administrative discretion vested in Department of Finance, where application for license showed that applicant operated one bulk plant and four retail outlets. People ex rel. Rice v. Wilson Oil Co., 364—406, 4 N.E.(2d) 847.

Unconstitutionality of provisions of acts providing for qualification and license of insurance agents and brokers which authorized director of insurance to revoke a license or refuse a renewal thereof held to render entire acts unconstitutional, in view of dependency of the other provisions and likelihood acts would not have been passed without such provisions. Chicagoland Agencies v. Palmer, 364—13, 2 N.E.(2d) 910.

It is not within province of judiciary to set up its judgment as to necessity and appropriateness of legislative act so long as act is not clearly unreasonable. City of Chicago v. Rhine, 363—619, 2 N.E.(2d) 905, 105 A.L.R. 1045.

Whether means employed to carry out object of statute have any real, substantial relation to public health, comfort, safety, or welfare or are essentially arbitrary and unreasonable is question subject to review by courts. Joseph Triner Corporation v. McNeil, 363—559, 2 N.E. (2d) 929, 104 A.L.R. 1435, affirmed McNeil v. Joseph Triner Corporation, 57 S.Ct. 139, 81 L.Ed. ——.

Section of Occupational Diseases Act (ch. 48, § 73, post) requiring employers to provide reasonable and approved devices, means, or methods for prevention of such diseases as are incident to the work held unconstitutional because uncertain, vague, and indefinite, and because delegating legislative power when considered with sections (ch. 48, §§ 83, 84, post) under which enforcement of act is left to state department of factory inspection. Vallat v. Radium Dial Co., 360—407, 196 N. E. 485.

Section of Occupational Diseases Act (Ch. 48, § 73, post) providing that employer, engaged in carrying on work which subjects employees to danger of illness or disease to which employees are not ordinarily exposed in other lines of employment, shall "adopt and provide reasonable and approved devices, means or methods for the prevention of such industrial or occupational diseases," held



unconstitutional as legislative delegation of power. Bos-huizen v. Thompson & Taylor Co., 360—160, 195 N. E. 625.

Under constitutional provision whereby powers of government in state are divided into three separate and distinct departments, each department must perform duties assigned to it, and cannot exercise powers properly belonging to either of other departments. Parks v. Libbey-Owens-Ford Glass Co., 360—130, 195 N. E. 616.

Inasmuch as Legislature had right to legalize acts of peaceable picketing and peaceable persuasion, Chapter 48, § 2a, post, forbidding restraint of such peaceable acts is not violative of this article. Fenske Bros. v. Upholsterers' International Union of North America, Local No. 18, 358—239, 193 N.E. 112, 97 A.L.R. 1318, cert den 55 S.Ct. 645, 295 U.S. 734, 79 L.Ed. 1682.

## ARTICLE IV

### LEGISLATIVE DEPARTMENT

**§ 1.** The legislative power shall be vested in a general assembly, which shall consist of a senate and house of representatives, both to be elected by the people.

State Legislature possesses all powers not prohibited by limitations of Constitution. Raines v. Board of Trustees of Illinois State Teachers' Pension and Retirement Fund, 365—610, 7 N.E.(2d) 489.

Accountancy Act (Ch. 110½, § 2) which authorized state university to determine whether applicants for accounting certificates had proper qualifications held not void as a delegation of legislative and judicial powers to university, since Legislature had established qualifications for certified public accountants and university had purely ministerial function to determine if applicants had those qualifications. Elliott v. University of Illinois, 365—338, 6 N.E.(2d) 647.

Right of citizen to pursue any trade or calling is subordinate to right of state to limit such freedom of action by statutory regulations where public health, safety, or welfare of society may require. Scully v. Hallihan, 365—185, 6 N.E.(2d) 176.

Under general police power of state, Legislature may make regulations to prevent fraud and deceit as well as for public health, comfort, safety, and welfare. Carolene Products Co. v. McLaughlin, 365—62, 5 N.E.(2d) 447.

Constitutional provisions may not be abrogated by Legislature nor in any other way than by changing Constitution. Ptacek v. Coleman, 364—618, 5 N.E.(2d) 467, affirming 279 A. 639.

Ch. 121½, § 188 et seq., authorizing enforcement of agreements fixing resale prices of trade-marked commodities held not unconstitutional on ground of unlawful delegation of legislative power in permitting those individuals interested to avail themselves of its provisions, since statute was complete when passed. Joseph Triner Corporation v. McNeil, 363—559, 2 N.E.(2d) 929, 104 A.L.R. 1435, affirmed McNeil v. Joseph Triner Corporation, 57 S.Ct. 139, 81 L.Ed. —.

Presumption is that statute does not offend against any constitutional provision. P. ex rel. City of Peoria v. Weston, 358—610, 193 N. E. 487.

Where a municipal body is in position to have more knowledge on a subject or to do things more advantageously than the legislative body, Legislature may lawfully confer such legislative power on the municipality. P. ex rel. Soble v. Gill, 358—261, 193 N. E. 192.

Chapter 73, § 513, post, requiring approval of certificates of mutual benefit associations as to "form" by the director of trade and commerce, held not void as delegating legislative power to administrative officer, since statute gives director no authority to prescribe substance of certificate. Great United Mut. Ben. Ass'n v. Palmer, 358—276, 193 N. E. 146.

Legislature could properly delegate to jury commission, as arm of court, power to make rules for efficient working of Jury Commissioners Act (Ch. 78, § 34, post). P. v. Bain, 358—177, 193 N. E. 137.

In passing on statute enacted under police power, Supreme Court will not search for reasons to hold it invalid or speculate on whether it is wise or best remedy for dealing with problem, but every presumption favors validity of act, and one challenging it has burden of clearly showing wherein it violates Constitution. Fenske Bros. v. Upholsterers' International Union of North America, Local No. 18, 358—239, 193 N.E. 112, 97 A.L.R. 1318, cert den 55 S.Ct. 645, 295 U.S. 734, 79 L.Ed. 1682.

Act creating Chicago Park district and providing for referendum on question of creation and organization of district held not improper delegation of legislative power. P. v. Kelly, 357—408, 192 N. E. 372.

### ELECTION

**§ 2.** An election for members of the general assembly shall be held on the Tuesday next after the first Monday in November, in the year of our Lord one thousand eight hundred and seventy, and every two years thereafter, in each county, at such places therein as may be provided by law. When vacancies occur in either house, the governor, or persons exercising the powers of governor, shall issue writs of election to fill such vacancies.

Under the provision that election for members of General Assembly shall be held every two years after certain year, and in view of section 6, providing that General Assembly shall apportion state every ten years beginning with certain year and in certain manner, terms of all members of General Assembly, representatives and senators, expire for all purposes at the end of the terms for which they are respectively elected. P. v. Clardy, 334—160, 165 N. E. 638.

### ELIGIBILITY AND OATH

**§ 3.** No person shall be a senator who shall not have attained the age of twenty-five years, or a representative who shall not have attained the age of twenty-one years. No person shall be a senator or a representative who shall not be a citizen of the United States, and who shall not have been for five years a resident of this state, and for two years next preceding his election a resident within the territory forming the district from which he is elected. No judge or clerk of any court, secretary of state, attorney general, state's attorney, recorder, sheriff, or collector of public revenue, member of either house of congress, or person holding any lucrative office under the United States or this state, or any foreign government, shall have a seat in the general assembly: *Provided,* that appointments in the militia, and the offices of notary public and justice of the peace, shall not be considered lucrative. Nor shall any person, holding any office of honor or profit under any foreign government, or under the government of the United State, (except postmasters whose annual compensation does not exceed the sum of $300,) hold any office of honor or profit under the authority of this state.

Where captain in National Guard was inducted with same rank into United States army during World War, he thereby accepted office of honor or profit from United States, within constitution, and constructively resigned or abandoned his office as city attorney regardless of whether two offices were incompatible. Fekete v. City of East St. Louis, 315—58, 145 N. E. 692.

**§ 4.** No person who has been, or hereafter shall be, convicted of bribery, perjury, or other infamous crime, nor any person who has been or may be a collector or holder of public moneys, who shall not have accounted for and paid over, according to law, all such moneys due from him, shall be eligible to the general assembly, or to any office of profit or trust in this state.

Supreme Court held without jurisdiction to entertain direct appeal, involving no construction of Constitution, but only construction of statute, to determine whether Legislature had empowered Cook county board to remove county treasurer from office for defaults alleged to have occurred in connection with prior office of county clerk and independent of office as county treasurer. People ex rel. Sweitzer v. Gill, 364—344, 4 N.E.(2d) 489.

Retailers' Occupation Tax Act (Ch. 120, §§ 440-453, post), held not invalid on ground member of House of Representatives was disqualified, where such member regularly received certificate of election, qualified, and was seated by House as member. Reif v. Barrett, 355—104, 188 N. E. 889.

**§ 5.** Members of the general assembly, before they enter upon their official duties, shall take and subscribe the following oath or affirmation:

"I do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the state of Illinois, and will faithfully discharge the duties of senator (or representative) according to the best of my ability; and that I have not, knowingly or intentionally, paid or contributed anything, or made any promise, in the nature of a bribe, to directly or indirectly influence any vote at the election at which I was chosen to fill the said office, and have not accepted, nor will I accept or receive, directly or indirectly, any money or other valuable thing, from any corporation, company or person, for any vote or influence I may give or withhold on any bill, resolution of appropriation, or for any other official act."

This oath shall be administered by a judge of the supreme or circuit court, in the hall of the house to which the member is elected, and the secretary of state shall record and file the oath subscribed by each member. Any member who shall refuse to take the oath herein prescribed, shall forfeit his office, and every member who shall be convicted of having sworn falsely to or of violating his said oath, shall forfeit his office, and be disqualified thereafter from holding any office of profit or trust in this state.