*Original*

*Under color of Title 28. U.S.C. § 1343 "Civil rights"*

**E-FILED**

Rules of grounds for hearing; Fed. R. Civ. P., Rule 15(d)
Prize cases, .... "[P]rovide for the common defense, promote
the general, welfare,...."    Prize Cases, 2 Black 635-699,
67 U.s. 459, at 462,(Dec. 1862).

Wednesday, 20 December 2006 03:52:55 PM
Clerk, U.S. District Court, ILCD

**FILED**

SEP - 8 2006

Fed. R. Civ. P., Rule 26(c) Activate Motion letter of Law
"protection Order" as RULE 26(c) your Honor.
Instruct, to Abstract(Y), first Rule 15(d) and did Abstract
(X), second Rule 15(d) as composed incarcerated.

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

"COHEE" is set to PROSECUTE, as prosecuting witness    and
victim   at the least of Title 18 U.S.C. §1581 as appears
A.note 8,...62 L. Ed. 540. *or charge.* (sec)

**FILED**

MAY - 9 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS**

**DIVISION OF PEORIA**

*Petitioner,*
**Jason Edward Cohee,**
          Court's movant

          vs.

**RECEIVED**

Case nummber; 1:06-Cv-1073
MMM-JAG-COHEE-State of
Illinois-Et Alii-......

**State of Illinois**
          Defendant
          Et Alii
          Respondents

MAY 17 2006
THIRD DISTRICT
APPELLATE COURT

**CONFIDENTIAL:**

**MOTION TO DISCLOSE;** *Mandate*

Mister Jason Edward Cohee, attempts to once again to ...."redress"

.... United States' court.

  As an affirmed PAUPER on His OATH, a request is to the

Honorable Judge Mihm, as to  remind him of how   he held on

Title 18 U.S.C. §228(b). U.S. v. Morrow 368 F. Supp. 2d 863,

No. 03-10085, U.S. Dist. Ct., C.D. Ill.(May 2005).

  "Background: Defendant charged with two counts of failure to

pay child support moved to dismiss or severe." Ibid. "COHEE"

same Motion. He is ~~two~~ *three* count Felon. Aforded no Jury. *750 ILCS ACT 600 ACT 16*

  Title 18 U.S.C. §401. "Power of Court" and §402 "Contempts

constituting crimes"

"Dead Beat Dad" but yet gross professionel  negligence. Malpractice

as more is to come hereinafter. Title 18. " Crimes and Criminal

Procedure   Chapter 21. "Contempts".

          *1 of 8*
          *1 of 48*

*Attached Mandate
from Ottawa Appellate*

# STATE OF ILLINOIS



## APPELLATE COURT        THIRD DISTRICT
### OTTAWA

ON CONSTITUTIONAL CHALLENGE

A NOTICE OF ISSUANCE OF MANDATE

DATE:      08/30/06

TO:        Mr. Jason Cohee
           9805 S. Trivoli Road
           Glasford, IL  61533

CASE NO.   3-06-0319

           Circuit Court No. 04D499

TITLE:     In re MARRIAGE OF
           BRENDA COHEE,
               Petitioner-Appellee,
               and
           JASON COHEE,
               Respondent-Appellant.


This is to notify you that, pursuant to Supreme Court Rule 368,
the Mandate in the above cause has been issued to the Clerk of
the Circuit Court for filing.

_Mit Fleshman_

_____
Clerk of the Appellate Court

Note: Mandates were recived in both 0048 and 0319
on the sameday. Now, I set 0319 in United States District
Court and 0048 in Peoria County Courthouse.
   The original from 0143 was set in the Illinois
Supreme Courthouse.
   The seperation of 0048 and 0319 is to Stay away
from "Double Jeapardy". I filed at the United States
Supreme Court Level for Cert. Attached request for
ability to proceed at
Dated 9/6/06 _[signature]_                  Federal District Court
                      2 of 8

re. Marriage of Cohee

Case No. 3-06-0319
drial No. 04-D-499
ang generalno 3-06-1043

HAND DELIVERED

Exhibit (Being) FREEDOM of INFORMATION
ACT REQUEST FOR
RECEIVED WHIVER of FEES FOR
SEARCHING AND REPRODUCTION
of RECORDS

MAY 17 2006

THIRD DISTRICT
APPELLATE COURT

To: The honorable Judge this may
come to the attention of.

FILED
MAY 17 2006
THIRD DISTRICT
APPELLATE COURT CLERK

RECEIVED
MAY 26 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

Pursuant 735 ILCS 5/5-105(b),
Jason Cohee, request that fees
the searching and reproduction
in conjunction with my request
for information dated this
Eighteenth day of January Two thousand
six, be waived.

1) I will receive no financial benefit
from use of the requested information
of case number 04 D 499, Cohee v.
Cohee, and also Appellate general case No's of
3rd District... of Howa3-06-0048 and 3-06-1043

2) The intended use of this information
is to be able to provide a fairest
appeal. as to prosecute of Fed case
No. 06-CV-1073.

United Civil Liberty Union          Fed Case No.
by way of Jason Edward Cohee
                                    —  06-CV-1056
3 of 8   United States of America   (of 2)
         Defendant

re. Marriage of Cohee

Case No # 3-06-0319
trial no # 04-D-499
ang general no 3-06-1043

Exhibit (Ding) FREEDOM of INFORMATION ACT REQUEST FOR WHIVER of FEES FOR SEARCHING AND REPRODUCTION of RECORDS

RECEIVED

MAY 1 7 2006

THIRD DISTRICT
APPELLATE COURT

To: The honorable Judge-this may come to the attention of.

FILED

MAY 1 7 2006

THIRD DISTRICT
APPELLATE COURT CLERK

Pursuant 735 ILCS 5/5-105(b), Jason Cohee, request that fees for searching and reproduction in conjunction with my request for information dated -this Eighteenth day of January Two thousand six, be waived.

RECEIVED

MAY 2 6 2005

U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

1) I will receive no financial benefit from use of the requested information of case number 04 D 499, Cohee v. Cohee, and also Appellate general case no's & 3rd District... of Ottawa, 06-0048 and 3-06-1043

2) The intended use of this information is to be able to provide a fairest appeal. as to prosecute at Fed ease No. 06-CV-1073.

United Civil Liberty Union          Fed case no.
by way of Jason Edward Cohee
                                    06-CV-1056
United States of America,
Defendant (1 of 2)

4 of 8

3) The extent of my ability to pay is 0 dollars.

4) The public may receive tangible benefits from dissemination of this information, in that it may be shown how an indigent person is at such a civil liability to which leads to the civil death of imprisonment for failure to pay child support, not being afforded counsel to aid in defense. A contemptous charge indirectly.

1/18/06
Jason Cohee

Pro Se at Law    Jason Cohee

9805 Trivoli Rd

Glasford, IL 61533

ph. (309) 389-4511

dated 5/17/06

(2 of 2) Attached Brief for
5 of 8       Leave

Jason Cohee
  Plaintiff (Appellant)
      v.
Brenda Cohee
  Defendant (Appellee)

Case # 3-06-0048 ①

06CV-1073

04-D-499
(some sort of divorce
  case huh

(Brief for Leave of Petitioner;) BRIEF for Leave;

Questions presented:

1) Did Defendant, Jason Cohee, in case number 04-D-499 meet his burden of production, when he was forced to testify on his inability to pay ordered child support?

2) When is it possible for court appointed counsel to be denied in civil or even criminal contempt proceedings? Especially in a amendment Petion of Rule to Show Cause. Being indigent, 750 ILCS 5/501(3) statute should have insured "Fair Leveling of the Playing Field" regarding " equal protection."

3) Does incarceration on two seperate occasions for contempt of "will-ful failure" to pay constitute Double Jeapordy? With no other sanctions than retributive payment and incarceration to force payment. Peonage in the Thirteenth Amendment is another matter at issue. Prima facia evidence "presumption of ability to pay support" 750 ILCS 16/15(a-5).

40 Does denial of Jury Trialper 750 ILCS 5/103 along side no assistance of counsel with question of fact clearly beyond equity, in this civil matter with criminal sanctions expedite this review? A leave from circuit court would lesson fear of imprisonment. The second conviction of indirect Civil Contempt is classified as a "class 4 Felony" per 750 ILCS 16/15(b).

5) Does arrest for comment made in circuit clerk's office on Twenty-second day of December Two-hundred Five constitute different proceedings? Even to further insuer "due process"as to the offering of counsel via Miranda V. Arizona 384 U.S. 436. That arest is without criminal contempt indirectly due to hearsay.


The arguement as to the injustice that has been administered are as follows:

1) "The Sixth and Fourteenth Amendments to the Constitution require that every person facing incarceration for the commission of an offense, no matter what its designation, is entitled to be advised of his right to counsel and in the case of an indigent have counsel apointed for him." Argersinger v. Hamlin (32 L Ed 2d 530 p925).

Statement from the aforementioned brief, resulted in Mr. Chief Justice Burger writing for the majority,"Under the rule we announce today, every judge will know when the trial of a misdemeaner starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and there-fore know when to name a lawyer to represent the accused before the trial starts." Id 407 U.S. 25, 92 S.Ct. 2006,(32 L. Ed. 2d 530).

Act765 titled"Illinois Equal Justice Act" states, " The courts

6 of 8

THE CASE FOR
IMPEACHMENT

The Legal Argument for Removing
President George W. Bush
from Office

Dave Lindorff
and
Barbara Olshansky



THE CASE FO[...]

RECEIVED
SUPREME COURT OF U.S.
POLICE OFFICE
2006 AUG 32 A 9: 22

Actually Sept. 1st

COHEE'S EXHIBIT
(W) in
06-CV-1146
For
Defense of
06-CV-1056 and
Collateral
Attack
"Charge of
"SEDITION"
Yet place
Sound grounds
for LIBEL. No
"Journalist's Privilege"
(408 US 665)

As Treason
I could for
Judge
McDade
maybe 18 USC §4
misprison of Felony

Dated: 9/6/06

8 of 8

Note see
docketting Statement

Note see 0 of 3-06-0319

As Amended [REC]
9/6/06

FILED
AUG 03 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS